STATE of Iowa, Appellee,

v.

Larry Lee HOOK, Appellant.

No. 99–1340.

Supreme Court of Iowa.

March 21, 2001.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, J. Patrick White, County Attorney, and Linda M. Paulson, Assistant County Attorney, for appellee.

SNELL, Justice.

This is a direct appeal from the district court decision accepting the defendant's written guilty plea to a felony. We are asked to consider the procedures required when a defendant enters a guilty plea to a felony. We find the procedures utilized by the court in accepting the guilty plea were inadequate. We hold the plea was invalid and therefore reverse and remand for proceedings consistent with this opinion.

## I. Factual Background and Procedure

The defendant, Larry Lee Hook, pled guilty to one count of possession with the intent to deliver, a class "D" felony. *See* Iowa Code §§ 124.204(4)(m), 124.401(1)(d) (1997). Rather than conduct a full-length, in-court colloquy concerning Hook's plea, the court requested that Hook submit a written plea of guilty to be considered by the court. The court did not use the written plea as a complete substitute for the in-court colloquy. Instead, it shortened its discussion with the defendant and questioned the validity of the defendant's plea in reference to the executed written plea.

The court was satisfied with the answers given by the defendant and determined that together with the written plea information, the guilty plea was legally acceptable. The court then asked Hook's counsel if he "took up Rule 23" with the defendant in the execution of the written plea, to which counsel replied in the affirmative. *See* Iowa R.Crim. P. 23(3)(a); *see also* Iowa R.Crim. P. 8(2)(d).

Hook received a deferred judgment and was placed on probation. As a result of several probationary violations, his probation was revoked, and he was sentenced to an indeterminate term of five years imprisonment. Following this final judgment, Hook filed a timely appeal to this court. Hook's counsel did not file a motion in arrest of judgment. Hook now raises the present issue for the first time on direct appeal. Specifically, Hook challenges the district court's reliance on the written guilty plea rather than conducting a full in-court colloquy as required by Iowa Rule of

Criminal Procedure 8(2)(b) and his attorney's failure to object to the alleged deficiencies in this process. He asks this court to impose a per se rule that when counsel allows his client to submit a written plea for a felony charge he commits automatic ineffective assistance.

## II. Scope and Standard of Review

■ Our court reviews the application of a rule of criminal procedure for correction of errors at law. Iowa R.App. P. 4; *accord State v. Schuessler*, 561 N.W.2d 40, 41 (Iowa 1997). Because we are interpreting the language and the import of Rule 8(2) in this case, we will reverse only where there exists legal error. *See State v. White*, 587 N.W.2d 240, 241–42 (Iowa 1998). Rule 8(2) "specifies the colloquy in which a court must engage to ensure that a plea is knowingly and voluntarily made." *State v. Sayre*, 566 N.W.2d 193, 195 (Iowa 1997). Noncompliance with this Rule is reversible error. *See Saadiq v. State*, 387 N.W.2d 315, 324–25 (Iowa 1986).

## III. Procedural Impediments

### A. Guilty Plea as Waiver

■ In *State v. LaRue*, we recognized a guilty plea works as an effective waiver of all constitutional challenges inherent in the conviction. *State v. LaRue*, 619 N.W.2d 395, 397–98 (Iowa 2000); *see State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000). However, "[a] guilty plea does not waive challenges that do not affect the validity of the *conviction*." *State v. Mann*, 602 N.W.2d 785, 789 (Iowa 1999). The defendant's Sixth Amendment right to adequate representation has no bearing on the actual validity of Hook's guilt or conviction. U.S. Const. amend. VI. Further, Hook is essentially challenging the validity of the procedures used to arrive at his plea which implicates Iowa Rule of Criminal Procedure 8(2). Accordingly, this issue has not been waived by Hook.

### B. Error Preservation

■ The State contends that the defendant did not preserve error with respect to his guilty plea because he did not file a motion in arrest of judgment prior to sentencing. Iowa Rule of Criminal Procedure 23(3)(a) provides:

3. Arrest of judgment.

a. *Motion in Arrest of Judgment; Definition and Grounds.* A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty. Such motion shall be granted when upon the whole record no legal judgment can be pronounced. A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude his or her right to assert such challenge on appeal.

Iowa R.Crim. P. 23(3)(a). Pursuant to this Rule, a defendant may not challenge a guilty plea on appeal unless the defendant has first filed a motion in arrest of judgment. *See State v. Gant*, 597 N.W.2d 501, 503 (Iowa 1999). Hook failed to do so. Nevertheless, we have held that the failure to file a motion in arrest of judgment will not bar a later challenge to a guilty plea if the trial court did not comply with Rule 8(2)(d). *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994); *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980). Rule 8(2)(d) states:

The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that a failure to so raise such challenges shall preclude the right to assert them on appeal.

Iowa R.Crim. P. 8(2)(d).

In *Worley*, we considered the effect of the defendant's failure to file a motion in arrest of judgment and the court's respon-

sibility to advise the defendant under Rule 8(2)(d). *Worley,* 297 N.W.2d at 370. We held that Rule 23(3)(a) must be read in conjunction with Rule 8(2)(d). Worley's counsel, not the court as required by Rule 8(2)(d), told Worley during the plea proceedings that he could file a motion in arrest of judgment. We held that this procedure did not satisfy the requirements of Rule 23(3)(a) and Rule 8(2)(d) to properly inform the defendant of the information contained in these Rules. We said:

> No defendant ... should suffer the sanction of rule 23(3)(a) unless the court has complied with rule 8(2)(d) during the plea proceedings by telling the defendant that he must raise challenges to the plea proceeding in a motion in arrest of judgment and that failure to do so precludes challenging the proceeding on appeal.... [W]here, as in Worley's case, the court fails to personally inform the defendant that he may file a motion in arrest of judgment and the consequences of failing to do so, rule 23(3)(a) does not preclude our review.

*Id.* Therefore, the court in *Worley* considered the defendant's challenge to the plea procedure despite his failure to file a motion in arrest of judgment. *Id.*

Here, the trial court proceeded to take the guilty plea of Hook by combining the admissions contained in the written plea and the answers of Hook to oral questions by the court. The district court was proceeding from the premise that a fairly comprehensive list of questions and answers pertaining to a plea of guilty was contained in the written plea submitted to the court. As such, the oral colloquy in the courtroom with the defendant was supplementary.

After receiving the oral answers, the court accepted the plea and inquired of counsel about a motion in arrest of judgment. The court's inquiry on this point was as follows. Addressing Hook's counsel, the court said: "And you took up Rule 23 in this written portion?. ... And it was understood by your client?" Hook's attorney assured the court that the defendant had been so advised. The court did not formally address the defendant or state what Rule 23 provided. Nor was it stated that Hook's failure to challenge the adequacy of his guilty plea proceeding by motion in arrest of judgment would preclude his right to challenge his plea on appeal. In the case at bar, as in *Worley,* the court did not orally advise the defendant of the requirements of Rules 23(3)(a) and 8(2)(b) and the consequences of failing to file a motion in arrest of judgment.

Rule 8(2)(b), para. 6, provides that the court may, with the approval of the defendant, waive the procedures required by Rule 8(2)(b) for an oral colloquy in a plea of guilty to a serious or aggravated misdemeanor. But Rule 8(2)(d) does not contain a comparable provision that the required in-court colloquy about the appeal process can be waived by a written plea. This is true as to a guilty plea for serious and aggravated misdemeanors as well as felonies. Thus, the court's failure to personally advise Hook of his right to file a motion in arrest of judgment and the consequences of failing to do so relieves Hook of the requirement that he file a motion in arrest of judgment in order to preserve a challenge to his guilty plea for appeal.

We hold that error was preserved on Hook's claim that his guilty plea was not taken in accordance with the requirements of Rule 8(2)(b). Therefore, we need not consider his claim that his trial counsel was ineffective in failing to file a motion in arrest of judgment.

## IV. Issue on Appeal

In *State v. Kirchoff,* we discussed the subject of written guilty pleas in the context of nonfelonies. *State v. Kirchoff,* 452 N.W.2d 801 (Iowa 1990). The *Kirchoff*

case involved the acceptance of a guilty plea to two aggravated misdemeanors through the vehicle of written plea statements and some in-court colloquy between the judge and the defendant. Our court held that acceptance of the defendant's guilty plea was valid because the trial court had substantially complied with the requirements of Rule 8(2)(b). *Id.* at 805.

The colloquy in the instant case is similar to that in *Kirchoff.* The State urges us to extend the rationale and result in *Kirchoff* that applied to aggravated misdemeanor cases to embrace written guilty pleas in felony cases. For reasons following, we decline to do so.

Our court has for decades decided cases where the pros and cons of the court's acceptance of guilty pleas have been fully discussed from the standpoint of the court's responsibility to ensure the protection of a defendant's constitutional rights. *See generally White,* 587 N.W.2d 240; *Kirchoff,* 452 N.W.2d 801; *State v. Fluhr,* 287 N.W.2d 857 (Iowa 1980); *State v. Reaves,* 254 N.W.2d 488 (Iowa 1977); *Brainard v. State,* 222 N.W.2d 711 (Iowa 1974); *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969).

Those constitutional rights involving due process have been largely codified in Rule 8(2)(b). *See Sisco,* 169 N.W.2d at 548–51. This Rule lists the matters for which the court must assure itself that a defendant's plea is voluntarily and intelligently made. They provide in relevant part as follows:

> b. *Pleas of guilty.* The court ... shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court *must address the defendant personally in open court* and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) The nature of the charge to which the plea is offered.
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>
> (3) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
>
> (4) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.
>
> The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor.

Iowa R.Crim.P. 8(2)(b) (second emphasis added).

■ Our court in *Kirchoff* determined that these requirements in Rule 8 can be adequately satisfied in a guilty plea to an aggravated misdemeanor when the procedure employed combines written admissions and statements with oral colloquy between the defendant and the court. *Kirchoff,* 452 N.W.2d at 804–05. This holding, limited to misdemeanors, is now codified in Rule 8. Iowa R.Crim. P. 8(2)(b), ¶ 6. We believe, however, that this procedure is not sufficient to satisfy the demands of Rule 8 when a defendant is pleading guilty to a felony because of the graver consequences involved. *Kirchoff,* 452 N.W.2d at 810 (Neuman, J., dissenting) ("It is the *court's* duty to inform the defendant of the trial rights being waived upon plea of guilty to a crime more onerous than a serious misdemeanor.").

In felony guilty pleas, we subscribe as a guide to the statement made by the Supreme Court in *Boykin v. Alabama:*

What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought and forestalls the spin-off of collateral proceedings that seek to probe murky memories.

*Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274, 280 (1969).

## C. Public Policy

Conviction of a felony carries with it more than a sentence. The consequences of a felony conviction greatly affect society's view of a defendant, his job opportunities, his liberty interests, and other rights and privileges the rest of us take for granted. The additional stigma of a felony conviction creates a greater need for the justice system to ensure that justice is, indeed, being served. The historical reasons behind Rule 8 have always been "to assure that the defendant's plea of guilty is a voluntary and intelligent act," and "to help reduce the great waste of judicial resources required to process the frivolous attacks." *Brainard*, 222 N.W.2d at 713 (citations omitted). "Both of these goals are undermined in proportion to the degree the district judge resorts to 'assumptions' not based upon recorded responses to his inquiries." *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 426 (1969).

The Supreme Court has instructed: "It is ... not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and determine whether they understand the action they are taking." *Id.* at 472, 89 S.Ct. at 1174, 22 L.Ed.2d at 428–29. This is true because a plea of guilty carries with it more than the repercussions of an admission. *Brainard*, 222 N.W.2d at 723 ("A guilty plea is a grave and solemn act to be accepted only with care and discernment." (citation omitted)); *Sisco*, 169 N.W.2d at 545.

Like a verdict of a jury it is conclusive. More is not required.... Out of just consideration for persons accused of crime, courts [should be] careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice....

*Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927).

■ Because of the greater loss of liberty, status, voting rights, gun ownership, right to travel abroad, employment opportunities, and other rights we are persuaded that we should heighten our inquiry into the understanding and voluntariness of the defendant's plea to the felony charge. We also believe: "[T]he more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." *McCarthy*, 394 U.S. at 465, 89 S.Ct. at 1170, 22 L.Ed.2d at 425 (discussing the federal counter-part of Rule 8).

## V. Disposition

■ At no time can a written guilty plea to a felony serve as a substitute for a question the court is required to pose to the defendant directly. Such a discourse between the court and the defendant need only take a modest amount of time. "It would comply with the requirements of our laws, in spirit and in truth. And, it would not unduly burden our courts." *White*, 587 N.W.2d at 246. Obviously, the nature of each felony charge necessitates an inquiry that varies on a case-by-case basis.

*See McCarthy,* 394 U.S. at 467–68, 89 S.Ct. at 1171–72, 22 L.Ed.2d at 435–27. "One procedure cannot be right for every case; yet a right procedure must be followed in every case." *Brainard,* 222 N.W.2d at 723. The right procedure for a felony guilty plea is a full, oral colloquy.

■ In the case at bar, we hold that the requirements of Rule 8(2) for the court's acceptance of a guilty plea to a felony charge have not been met. This constitutes an error of law. Because of the district court's error, it is not necessary to discuss whether Hook's counsel was ineffective.

For the aforesaid reasons, we vacate Hook's guilty plea and reverse and remand this case for further proceedings to allow the defendant to plead anew.

**REVERSED AND REMANDED.**

All justices concur except CARTER, J. and McGIVERIN, S.J.,* who dissent, and LARSON, J., who takes no part.

CARTER, Justice (dissenting).

I dissent.

Although Iowa Rule of Criminal Procedure 8(2)(b) requires the court to address the defendant personally in order to ascertain defendant's understanding of those matters specifically designated in that rule, a failure to comply with this requirement should not in all instances entitle defendant to withdraw a plea of guilty. In *State v. Kirchoff,* 452 N.W.2d 801, 805 (Iowa 1990), we recognized that, if information concerning the rights listed in rule 8(2)(b) are conveyed to the defendant in the form of a written guilty plea, and it does not appear that defendant misunderstood the resulting loss of those rights, there is no entitlement to withdraw the plea. That appears to be the situation in regard to

defendant's plea in the present case. Moreover, it appears that when the guilty plea was entered this was much to defendant's advantage. Without an affirmative showing on his part that he misunderstood his rights, he should not be permitted to withdraw his plea. *See State v. West,* 326 N.W.2d 316, 318 (Iowa 1982) (defendant must show he was misled concerning rule 8(2)(b) rights in order to withdraw plea).

I would affirm the judgment of the district court.

McGIVERIN, S.J., joins in this dissent.