**STATE of Iowa, Appellee,**

v.

**Michael Gene MOORE, Appellant.**

No. 00–2080.

Supreme Court of Iowa.

Jan. 24, 2002.

Linda Del Gallo, State Appellate Defender, and Theresa R. Wilson and Shellie L. Knipfer, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Donald D. Stanley, Jr., Assistant Attorney General, Denver D. Dillard, County Attorney, and Russell Keast, Assistant County Attorney, for appellee.

LARSON, Justice.

Michael Moore pled guilty to using a stolen credit card in violation of Iowa Code section 715A.6 (1999), and he was sentenced to a prison term not to exceed five years. He appealed, contending the court failed to follow the guilty-plea requirements of Iowa Rule of Criminal Procedure 8(2)(b) (requiring court to personally address defendant to determine the plea is knowing and voluntary and supported by the facts). *See State v. Hook*, 623 N.W.2d 865, 869–70 (Iowa 2001) (requiring literal compliance with guilty-plea procedure of rule 8(2)(b) in felony cases). While the plea proceedings did not comply with the rule, Moore failed to challenge the plea by a motion in arrest of judgment under Iowa Rule of Criminal Procedure 23(3). Moore claims his failure to file a motion in arrest of judgment was the result of ineffective assistance of counsel. We reject Moore's request that we adopt a per se ineffective-assistance-of-counsel rule in guilty-plea cases and therefore affirm.

Moore was charged on August 1, 2000, and he initially pled not guilty. On October 5, 2000, he executed a written application to withdraw his not-guilty plea. He provided some information in his own handwriting, listing the elements and stating he was aware of the minimum and maximum punishment provided. Moore then personally initialed nine statements on the written form as to the rights he would waive by pleading guilty.

In addition to filing this application to withdraw his not-guilty plea, Moore appeared in open court and engaged in a colloquy with the judge. The judge addressed Moore and asked him if it was his intention to change his plea to guilty. Moore responded that this was his intention. The court then explained what was necessary before the court could accept his guilty plea.

THE COURT: Stand up, please. Before I can accept a plea of guilty from you, sir, I need to determine that you understand essentially what's going on here, and there are four areas that we look at. One, that you understand your rights and are knowingly giving those rights up to enter your plea of guilty; two, that you understand the consequence of your plea, what the penalties are, what does the law say that a person who is guilty of this, what's their penalty or what are the different options; thirdly, that you are entering your plea here today voluntarily, no one is making you plead guilty; and finally, there is a factual basis, you did, in fact, do something that makes you guilty of false use of a credit card.

The court then informed Moore it was going to ask him some questions, asked him to answer these questions out loud, advised him not to answer questions he did not understand, and reminded him he could stop the questioning and consult his attorney whenever he needed to do so. The district court then began the following colloquy with Moore:

THE COURT: The application to withdraw not guilty plea form, which has been executed here, is signed on the last page by your attorney, and on the next to the last page there is a line there, then there's printed the word Defendant and then there is a signature, it says Mike Moore. Did you sign that? A. Yes.

Q. You just executed that this morning? A. Yes.

Q. Did you go through all of this form with your attorney? A. Yes.

Q. Did you read it? A. Yes.

Q. Did you understand it? A. Yes.

Q. Were you able to ask any questions that you might have had? A. Yes.

Q. Was your attorney able to answer those questions? A. Yes.

Q. Are you satisfied with his advice and services? A. Yes.

Q. Now, as you know then from having read and understood this form that it explains to you the rights that you are giving up by pleading guilty. Do you understand that? A. Yes.

Q. And it also sets out and explains what it is that the maximum penalty is for this offense. A. Yes.

Q. It also sets out what it is that the State of Iowa would have to prove beyond a reasonable doubt before you could be found guilty of that offense. A. Yeah.

The court asked questions of Moore to establish a factual basis and to establish he was making the plea voluntarily. It then made a finding that Moore's plea had been made voluntarily and that there was a factual basis to support the plea. After ordering a presentence investigation and setting a date for sentencing, the court further advised Moore of his rights and responsibilities in contesting the guilty plea he had just entered.

THE COURT: . . . .

Mr. Moore, if you believe there have been any mistakes made in the Court's accepting your guilty plea here today, it's up to you to complain about that, or bring it up, say something about it, before you get sentenced. If you don't,

you can't complaint about it after you get sentenced.

The way that you do that is in what we call a motion in arrest of judgment. And the law says that if you're going to file such a motion, you must do so no later than 45 days from today but in any case not less than five days before the sentencing. If you fail to raise those alleged errors in that written motion, you give up your right to later raise them on appeal.

If you have any questions about that, be sure and ask your attorney.

Moore did not file a motion in arrest of judgment. On December 1, 2000, the court sentenced Moore to a prison term not to exceed five years.

■ Moore appeals on the basis the court did not address him personally as to all of the matters required by Iowa Rule of Criminal Procedure 8(2)(b), but rather relied in part on Moore's written application to withdraw his not-guilty plea. The crime charged in this case is a felony when the value of the property taken exceeds $1000, as it did here. *See* Iowa Code § 715A.6(2). Our recent *Hook* case made it clear that, in a felony case, the court may not rely, to any extent, on a written plea of guilty to satisfy the requirements of rule 8(2)(b). This rule provides:

> *Pleas of guilty.* The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. *Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:*
>
> (1) The nature of the charge to which the plea is offered.
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>
> (3) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
>
> (4) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

Iowa R.Crim. P. 8(2)(b) (emphasis added).

Unfortunately, the *Hook* case was filed after the guilty plea in this case, so the trial court did not have the benefit of that ruling. Nevertheless, the wording of rule 8(2)(b), which was in place at the time of Moore's plea, made it clear that a court could not waive literal compliance with the rule in a felony case:

> The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a *serious or aggravated misdemeanor.*

Iowa R.Crim. P. 8(2)(b)(4)(second unnumbered paragraph) (emphasis added). Under this rule, substantial compliance might be sufficient in serious– or aggravated-misdemeanor cases, but it is not sufficient in felony cases. *See Hook*, 623 N.W.2d at 869.

■ The court obviously spent considerable time to assure the guilty plea was properly entered, but a court in a felony case must *literally,* not just substantially, comply with rule 8(2)(b). Literal compliance, by personally addressing the defendant on the record, establishing a factual

basis for the plea, its voluntariness, and the defendant's understanding of the required matters, is well scripted in rule 8(2)(b). If economy of time prompts the use of written forms in lieu of literal compliance, we believe full compliance with the rule would actually take less time than it would take a court to partially comply with the rule and weave into the colloquy the supplemental application to withdraw the not-guilty plea. In any event, compliance with the rule is time well spent.

The Supreme Court has instructed: "It is ... not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and determine whether they understand the action they are taking." *Hook*, 623 N.W.2d at 870 (quoting *McCarthy v. United States*, 394 U.S. 459, 472, 89 S.Ct. 1166, 1174, 22 L.Ed.2d 418, 428–29 (1969)). The State concedes this plea was insufficient for the reasons discussed but argues that the defendant's failure to file a motion in arrest of judgment prevents his appeal.

As we discuss later, the defendant's failure to file a motion in arrest of judgment is dispositive of the issue in this case, and it would not have been necessary for us to discuss the application of rule 8(2)(b). Nevertheless, we have addressed the sufficiency of the guilty plea to again stress that a court taking a guilty plea to a felony must literally follow the requirements of rule 8(2)(b).

■ Moore responds that his attorney was ineffective in allowing Moore to plead guilty under the circumstances of this case and by .not filing a motion in arrest of judgment. *See State v. Thede*, No. 00–0469, 2001 WL 709428, at *2 (Iowa Ct.App. June 13, 2001) (distinguishing *Hook* from situations in which the defendant is personally advised by the court of the right to file a motion in arrest of judgment, but recognizing defendant may still have a claim of ineffective assistance of counsel). However, Moore does not claim he suffered prejudice, which ordinarily is held to be a prerequisite to relief in effective-assistance cases arising out of guilty pleas. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Instead, Moore argues he is excused from showing prejudice because this is a case of *per se* ineffective assistance of counsel. He submits that this court should find, because of the substantial societal interests involved in felony guilty pleas, his counsel's failure to insist on a full open-court colloquy required by rule 8(2)(b) is per se ineffective assistance of counsel. He cites no authority that recognizes per se ineffective assistance of counsel under these circumstances.

■ Courts have evidenced a narrow view of per se ineffective assistance. Per se-ineffective-assistance cases are strictly limited to those situations in which counsel has totally abrogated his duties, effectively depriving the defendant of counsel. *See, e.g., Irving v. State*, 533 N.W.2d 538, 541 (Iowa 1995) ("The failure of counsel to investigate or move to suppress a questionable confession does not constitute per se ineffective assistance of counsel."); *State v. Chadwick*, 586 N.W.2d 391, 393–94 (Iowa Ct.App.1998) (not per se ineffective assistance of counsel if defendant is represented by otherwise licensed attorney who was not properly admitted to practice before the court in question). *But see United States v. Cancilla*, 725 F.2d 867, 870 (2d Cir.1984) (per se ineffective assistance of counsel if counsel is implicated in defendant's crimes); *Nixon v. State*, 572 So.2d 1336, 1339 (Fla.1991) (citing jurisdictions

that have held counsel is ineffective per se if counsel concedes defendant's guilt without defendant's consent). " 'Per se rules frequently are fashioned when there is an unusually high risk of prejudice to a party and the proofs of prejudice may be difficult to establish; or when an important social policy will be served by a prophylactic rule....' " *Bumgardner v. State,* 401 N.W.2d 211, 213 (Iowa Ct.App.1986) (quoting *Dawson v. Cowan,* 531 F.2d 1374, 1376 (6th Cir.1976)). It has been said that per se ineffective assistance is found only in limited circumstances and "without enthusiasm." *Bellamy v. Cogdell,* 974 F.2d 302, 306 (2d Cir.1992).

When, unlike in *Hook,* a defendant has been personally informed of the motion-in-arrest-of-judgment requirement of rule 23(3), a per se rule permitting defendant to ignore this requirement would allow a defendant to wait and see if a sentence is favorable before raising issues regarding the adequacy of the guilty-plea proceeding. This would seriously undermine the purpose of rule 23(3), which is to avoid unnecessary appeals by requiring a motion in arrest of judgment. We reject the defendant's argument for a per se rule.

**AFFIRMED.**