**STATE of Iowa, Appellee,**

v.

**Theodore Raynard BARNES, Appellant.**

**No. 01–1108.**

Supreme Court of Iowa.

Oct. 9, 2002.

Linda Del Gallo, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, Allan W. Vander Hart, County Attorney, and Andrea Dryer, Assistant County Attorney, for appellee.

PER CURIAM.

Defendant, Theodore Raynard Barnes, entered a written plea of guilty to the offense of driving while his license was barred, an aggravated misdemeanor, in violation of Iowa Code section 321.561 (1999). He was sentenced to an indeterminate term of imprisonment, not to exceed two years, and to pay a mandatory fine of $500. It is his contention on appeal that his guilty plea was not knowingly made because he was not advised of the mandatory $500 fine and thus was not made aware of "the maximum possible punishment provided by the statute defining the offense to which the plea is offered," as required by Iowa Rule of Criminal Procedure 2.8(2)(*b*)(2). The court of appeals agreed with that contention and ordered that defendant be allowed to withdraw his plea.

The State urged in the court of appeals and reasserts in this court that defendant waived the right to challenge his guilty plea because he failed to file a motion in arrest of judgment as required by Iowa Rule of Criminal Procedure 2.24(3)(*a*) (formerly Iowa Rule of Criminal Procedure 23(3)(*a*)). We agree with that contention and vacate the decision of the court of appeals. The judgment of the district court is affirmed.

As defendant correctly notes, the written guilty plea that he executed reflects his knowledge of the maximum punishment for the offense in the following language: "I understand the maximum punishment to which I can be sentenced is two years in prison." No mention is made of the mandatory $500 fine, which the offense also carries. It was also provided in defendant's written guilty plea that

> I further understand that if I wish to challenge this guilty plea, I must file a Motion in Arrest of Judgment not later than forty-five days after entry of my plea and also at least five days before the date set for sentencing and that failure to so file such challenges shall preclude the rights to assert them on appeal. I also understand I have a right to a 15 day delay before being sentenced. I waive these rights and request that judgment and sentence be pronounced upon receipt of this plea.

Iowa Rule of Criminal Procedure 2.8(2)(*d*) provides:

The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal.

The court of appeals, relying on this court's opinion in *State v. Hook*, 623 N.W.2d 865, 868 (Iowa 2001), stated that, although rule 2.8(2)(*b*) provides that the court may waive the personal colloquy required by subpart (*b*) of 2.8(2), no such provision is made for a waiver of the admonition concerning arrest of judgment required by subpart (*d*) of that rule. It held that the failure of the court to advise defendant concerning the consequences of failure to file an arrest-of-judgment motion allowed him to assert a defect in the plea proceeding on appeal.

In *Hook*, as in the present case, the district court had used a written plea procedure as a substitute for an in-court colloquy. It does not appear in the *Hook* decision that the written plea agreement involved in that case had expressly waived the defendant's right to file a motion in arrest of judgment and, by implication, also waived the right to challenge the plea of guilty on appeal. As we have noted, the written plea in the present case does expressly waive a right to file a motion in arrest of judgment and acknowledges that the consequence of such waiver is a waiver of a challenge to the plea by appeal.

■ We understand why the court of appeals drew the conclusions that it did from the language this court employed in *Hook*. The language in *Hook* does suggest that the court must personally inform the defendant concerning the consequences of failing to file a motion in arrest of judg-ment and that this may not be accomplished by the contents of a written plea agreement. However, further reflection on our part suggests that this interpretation of rule 2.8(2)(*d*) would unduly restrict the written plea process that subparagraph (5) of rule 2.8(2)(*b*) is designed to foster in prosecutions for serious or aggravated misdemeanors. We now conclude that the reason paragraph (*b*) of rule 2.8(2) contains an express authorization for waiver of a personal colloquy and paragraph (*d*) of that rule does not is because, unlike paragraph (*b*), paragraph (*d*) contains no requirement that "the court must address the defendant personally." The absence of that requirement in paragraph (*d*) convinces us that defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar that rule 2.24(3)(*a*) imposes to challenging a guilty plea on appeal. That is what occurred in the present case.

We have considered all issues presented and conclude that the decision of the court of appeals should be vacated. We affirm the judgment of the district court, but preserve for possible consideration in a postconviction-relief proceeding defendant's claim of ineffective assistance of counsel.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**