**STATE of Iowa, Appellee,**

v.

**Tifany Ann MYERS, Appellant.**

No. 01–0071.

Supreme Court of Iowa.

Nov. 14, 2002.

Linda Del Gallo, State Appellate Defender, and Dennis Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Nan Horvat and Teresa Vens, Assistant County Attorneys, for appellee.

LARSON, Justice.

Tifany Myers pled guilty to second-degree murder in violation of Iowa Code sections 707.1 and 707.3 (1999). She filed a motion in arrest of judgment, which was denied. The court sentenced her to a prison term not to exceed fifty years and ordered her to pay restitution to the victim's estate. Myers appealed, and the court of appeals reversed and remanded. We vacate the decision of the court of appeals and affirm the judgment of the district court.

## I. Facts and Prior Proceedings.

The Polk County attorney charged that, on January 20, 2000, Myers, who was baby-sitting for twenty-one-month-old Joel Vasquez, shook him and slammed him to the floor, causing his death. Myers was charged with first-degree murder. She filed a notice of diminished responsibility, alleging that an abortion she had had a few days before the incident exacerbated her preexisting depression. As a result, her mental state was "greatly compromised."

Myers' trial began on October 18, 2000. On October 23 she pled guilty to second-degree murder pursuant to a plea agreement. On November 29 she filed a motion in arrest of judgment, which was denied. She was sentenced and ordered to pay restitution to the victim's estate. Myers appealed, alleging ineffective assistance of counsel in that her attorney failed to (1) object to the district court's failure to advise her of her constitutional right to compulsory process; (2) challenge the factual basis for the plea; (3) challenge the court's order for restitution, on constitutional grounds; and (4) argue that Iowa Code section 910.3(B)(1), which precludes her from discharging the restitution debt in bankruptcy, was a violation of the Supremacy Clause of the United States Constitution.

The court of appeals agreed that counsel was ineffective in failing to object to the district court's failure to comply with Iowa Rule of Criminal Procedure 2.8(2)(*b*) by advising her she had the right to compulsory process. Because the court of appeals resolved the case on the basis of that issue, it did not address Myers' other issues. The State petitioned for further review, asserting that the court of appeals erred in applying rule 2.8(2)(*b*) and our existing case law, including *State v. Moore,* 638 N.W.2d 735 (Iowa 2002), and *State v. Hook,* 623 N.W.2d 865 (Iowa 2001), which require "literal" compliance with the guilty-plea requirements of Iowa Rule of Criminal Procedure 2.8(2)(*b*).

## II. Legal Principles on Review.

Ineffective-assistance-of-counsel claims are reviewed de novo. *Kane v. State,* 436 N.W.2d 624, 626 (Iowa 1989). In order to succeed on an ineffective-assistance claim, the defendant ordinarily must

show (1) her counsel failed to perform an essential duty and (2) because of counsel's error, the defendant was prejudiced. *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). The court of appeals concluded that defense counsel's failure to object to the omission of the compulsory-process information in the guilty plea excused her from preserving error on the issue and that, but for that error, the plea would have been set aside. The court of appeals concluded she was prejudiced as a result of her lawyer's omission.

Iowa Rule of Criminal Procedure 2.8(2)(*b* ) provides the blueprint for guilty pleas:

> Pleas of guilty. The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> . . . .
>
> (4) That the defendant has the right to be tried by a jury, and that at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf *and to have compulsory process in securing their attendance.*

(Emphasis added.)

We held in *State v. Kirchoff*, 452 N.W.2d 801, 804 (Iowa 1990), that substantial compliance with this rule is all that is required, and the State relies on that principle here. The district court advised Myers with respect to her right to secure the attendance of witnesses in this language:

THE COURT: You are also waiving the following rights: The right to have your attorney present at the time of trial; the right to have a jury of 12 people to decide whether or not you've committed this offense. You have the right through your attorney to cross-exam the State's witness and *you would have the right to present any witnesses in your own defense . . . .*

(Emphasis added.) The State argues that this information substantially complied with the requirements of the rule with respect to the right to compulsory process, citing *Kirchoff.*

After the district court accepted this plea, we decided the cases of *Hook,* 623 N.W.2d at 870, and *Moore,* 638 N.W.2d at 738–39, concerning the required level of compliance with then-rule of criminal procedure 8(2)(b) (previous number assigned to present rule 2.8(2)(*b* )). The specific issue raised in both cases was whether the in-person colloquy required by the rule may be supplanted to any extent by written pleas of guilty that track the language of the rule. We held it could not; substantial compliance with this requirement would not suffice in felony cases. *Moore,* 638 N.W.2d at 738–39; *Hook,* 623 N.W.2d at 870. We said in *Moore* that "a court . . . must *literally,* not just substantially, comply with rule 8(2)(b)." *Moore,* 638 N.W.2d at 738. Not surprisingly, Myers relies on *Hook* and *Moore* to support her contention that substantial compliance with rule 2.8(2)(*b* ) is no longer enough.

We think our decisions in *Hook* and *Moore* are distinguishable from the present case. The issue in those cases was whether substantial compliance with the requirement *for an in-person colloquy* was sufficient in felony cases. In contrast, here the issue is whether there is adequate compliance with the requirement that *the defendant be informed of certain rights*

before the guilty plea is accepted by the court. With respect to the latter requirement, we have consistently held that substantial compliance is all that is required, even in felony cases. *See State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001).

In *Kress*, a felony guilty-plea case, we considered whether the defendant had been accurately informed with respect to the consequences of his guilty plea. 636 N.W.2d at 21. Citing *Kirchoff*, we stated, "Substantial—not strict—compliance with the rule is all that is required." *Id.* Similarly, in the present case, where the defect in the plea proceeding concerns the content of the information conveyed to Myers, not whether it was imparted in person, only substantial compliance with rule 2.8(2)(*b*) is required.

Under the substantial-compliance standard, a trial court is not required to advise a defendant of his rights using the precise language of the rule; it is sufficient that the defendant be informed of his rights in such a way that he is made aware of them. *See State v. Smothers*, 309 N.W.2d 506, 508 (Iowa 1981). Here, the trial court did not convey the idea that the defendant could force the attendance of witnesses, as required by rule 2.8(2)(*b*)(4). Because the court failed to inform Myers of her right to compulsory process, her guilty plea did not substantially conform to the requirements of the rule. The failure of Myers' attorney to raise this deficiency establishes the first prong of the test for ineffective assistance of counsel, breach of a duty. *See Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984).

The second prong of the *Strickland* test, prejudice, is more problematic for this defendant. In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court discussed the *Strickland* test in the context of a guilty plea. In *Hill* the petitioner sought habeas corpus relief, claiming his counsel was ineffective in failing to accurately inform him as to his parole eligibility by telling him that, if he pled guilty, he would be eligible for parole after serving one-third of his sentence. In fact, because Hill had a prior felony conviction, he was required to serve half of his sentence. *Hill*, 474 U.S. at 54–55, 106 S.Ct. at 368, 88 L.Ed.2d at 207. Hill contended that, because of this error,

> his plea was "involuntary" as a result of ineffective assistance of counsel because his attorney supplied him with information about parole eligibility that was erroneous.

*Id.* at 56, 106 S.Ct. at 369, 88 L.Ed.2d at 208. The Court held

> that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland ... test is nothing more than a restatement of the standard of attorney competence already set forth in [prior cases]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, *in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.*

*Id.* at 58–59, 106 S.Ct. at 370, 88 L.Ed.2d at 210 (emphasis added) (footnote omitted).

We conclude Myers failed to prove, or even assert, that there is a reasonable probability that, "but for counsel's error[], [s]he would not have pleaded guilty and would have insisted on going to trial." Her right of compulsory process

cannot be claimed in a vacuum. She does not claim there were any witnesses whose testimony was denied her because she did not know she could force them to testify. She therefore has not established any prejudice. Her conclusory claim of prejudice, that she "was ready to insist on going to trial," is not a sufficient assertion of prejudice. She must show a reasonable probability that, but for counsel's error, she would not have entered the plea of guilty. *Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; *see also Moore,* 638 N.W.2d at 739 (no prejudice shown under *Hill* test).

We vacate the decision of the court of appeals with respect to this issue and affirm the judgment of the district court.

### III. *The Factual Basis Claim.*

Iowa Rule of Criminal Procedure 2.8(2)(*b* ) provides that a court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Myers contends that the court failed to establish a factual basis for her plea, and her counsel was ineffective in failing to raise the issue. She claims the remedy is to vacate the sentence and remand for a determination of a factual basis.

■ Establishing ineffective assistance of counsel on the basis a guilty plea lacks a factual basis does not require a separate showing of prejudice. *See State v. Schminkey,* 597 N.W.2d 785 (Iowa 1999).

> Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent. Therefore, our first and only inquiry is whether the record shows a factual basis for Schminkey's guilty plea to the charge of theft of a motor vehicle.

*Id.* at 788 (citations omitted). Accordingly, we look only to the question of whether a factual basis was established for the plea without regard to the prejudice element of the traditional test for ineffective assistance of counsel.

■ The defendant contends the record failed to show a factual basis for the element of malice aforethought, which is required for both first- and second-degree murder. *See* Iowa Code § 707.1 (1999) ("A person who kills another with malice aforethought either express or implied commits murder."); *State v. Reeves,* 636 N.W.2d 22, 25 (Iowa 2001) (malice aforethought required for both first- and second-degree murder). Malice aforethought is a fixed purpose or design to do physical harm to another that exists before the act is committed. It does not have to exist for any particular length of time. *State v. Lee,* 494 N.W.2d 706, 707 (Iowa 1993).

■ The record on which we assess a showing of a factual basis may include statements by the defendant, minutes of testimony, facts related by the prosecutor, and any presentence investigation report. *Schminkey,* 597 N.W.2d at 788.

During the plea proceedings, the defendant acknowledged she had reviewed the minutes of testimony with her attorney, and this colloquy followed:

> THE COURT: Is there anything in the amended trial information or minutes of testimony you do not agree with as it relates to this charge of murder in the second degree?
>
> MS. TIFANY MYERS: No.

The minutes attached to the trial information summarized the autopsy findings by Dr. Francis Garrity, a Polk County medical examiner:

> He will testify to a reasonable degree of medical certainty as to the cause and manner of Joel Diego Vasquez's death.

That it is his opinion to a reasonable degree medical certainty that Joel died as a result of anoxic encephalopathy due to cerebral edema as a consequence of acute subdural and subroachnoid hemorrhages approximately 26 hours following a cranio cerebral trauma. That a contributing factor was a hemoperitoneum due to blunt force intra abdominal trauma.

In particular, Dr. Garrity will testify that this child was shaken, slammed and that the manner of death is homicide.

According to other minutes of testimony,

[t]he defendant looked at Sgt. Arnold and Officer Rowley and said "I didn't want to baby-sit for him no more, I shook him, I pushed him, he fell to the floor."... The defendant further stated that she might have grabbed him in the stomach area, she wasn't really sure. The defendant stated, "He hit the floor really hard. I've never touched a kid like that before."

Sgt. Arnold then asked her on a scale of one to ten, with one being the least amount of force and ten being the most amount of force, how hard did you toss him onto the floor. The defendant responded, "I tossed him with a number 9 force under your scale."

The court questioned the defendant about the factual basis for the plea:

THE COURT: In order to prove you guilty of murder in the second degree, the State would be required to prove the following beyond a reasonable doubt: That on or about January 20th or 21st of this year, ... you shook, pushed, or slammed Joel Vasquez.

The State would also have to prove that Joel Vasquez died as a result of being shaken, pushed, or slammed. The State would also have to prove that you acted with malice aforethought.

I'm going to ask you some specific questions about these elements to make sure that I understand and am confident that you are in fact guilty of this offense.

. . . .

THE COURT: And can you tell me in your own words what you did.

[THE DEFENDANT]: Yes. When Joel was crying, I just remember shaking him and slamming him down to the floor, and I was very angry at the time when it happened.

THE COURT: Would you say that when you acted on Mr. Vasquez, that you did so intending to do some physical harm to him?

[THE DEFENDANT]: I don't know.

THE COURT: Were you holding him when you decided to slam him to the floor?

[THE DEFENDANT]: I remember him crying, and I went up to him and I shook him and slammed him down.

THE COURT: All right. When you slammed him down, did you slam him down on the floor?

[THE DEFENDANT]: Yes.

THE COURT: And would it be fair to say that you knew when you were slamming him down that some injury would occur to him?

[THE DEFENDANT]: Yes.

THE COURT: Would it be fair to say that you knew that some physical harm would occur to him?

[THE DEFENDANT]: Yes.

Based on the minutes of testimony and the in-court colloquy, we believe a sufficient factual basis for the plea was established, and we therefore reject the defendant's argument on this issue.

## IV. *Denial of the Motion in Arrest of Judgment.*

■ Myers' motion in arrest of judgment raised general issues regarding the adequacy of the guilty-plea proceeding and her alleged diminished capacity. She argues that the court erred in denying the motion. We review a denial of a motion in arrest of judgment for abuse of discretion and will reverse only if the ruling was based on reasons that are clearly unreasonable or untenable. *State v. Speed,* 573 N.W.2d 594, 598 (Iowa 1998). No such showing is made here.

■ We have already rejected Myers' factual-basis claim and her claim that the court erred in failing to advise her of her right to compulsory process. The defendant's motion in arrest of judgment also asserted that she "did not fully understand or appreciate the legal consequences of her guilty plea." This assertion is based largely on her claim that she suffered from diminished capacity because she had been incarcerated for approximately ten months and was suffering from depression. She testified that to her depression "mean[t] [she was] not happy, not smiling—just ... feeling bad," based on her recent abortion. The guilty-plea colloquy set out above, however, supports the State's claim that she, in fact, did understand what she was doing, and the defendant and her counsel both made it clear at the plea hearing that she waived any defense of diminished responsibility.

The motion in arrest of judgment also raises issues regarding the court's alleged failure to advise her that she would be required to pay $150,000 in restitution under Iowa Code section 910.3B. However, this issue was expressly covered in the court's colloquy, and her claim that such a provision is unconstitutional has previously been rejected by this court. *See State v. Izzolena,* 609 N.W.2d 541, 552–53 (Iowa 2000) (procedural-due-process argument rejected); *State v. Klawonn,* 609 N.W.2d 515, 519–20 (Iowa 2000) (substantive-due-process argument rejected). Myers has failed to show that the court's ruling denying her motion in arrest of judgment was based on reasons clearly erroneous or untenable.

## V. *The Supremacy Clause Argument.*

■ Myers raises an argument based on the Supremacy Clause of the United States Constitution. She challenges the portion of our victim-restitution statute that provides restitution awards are not dischargeable in bankruptcy. This is an argument that has been rejected by federal courts. *See, e.g., Barnette v. Evans,* 673 F.2d 1250, 1251 (11th Cir.1982); *United States v. Carson,* 669 F.2d 216, 217 (5th Cir.1982). In addition, because this issue is raised under the claim of ineffective assistance of counsel, the argument must fail because she has not shown that, but for her counsel's failure to raise the issue, she would not have pled guilty. *See Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210. We reject the Supremacy Clause argument.

We find no basis on which to reverse the defendant's conviction. We therefore vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**