# IN THE COURT OF APPEALS OF IOWA

No. 13-1252
Filed May 14, 2014

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**CLAY KALVIG,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Gerald W. Magee, Judge.

A defendant appeals following his guilty plea, asserting it was not voluntary and intelligent. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler Buller, Assistant Attorney General, Sean M. Corpstein, Student Legal Intern, Carlyle D. Dalen, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Clay Kalvig appeals his conviction following his plea of guilty to theft in the second degree, a class "D" felony, in violation of Iowa Code sections 714.1 and 714.2(2) (2011). He asserts his plea was not voluntary and intelligent because the court failed to comply with the requirements of Iowa Rule of Criminal Procedure 2.8(2)(b) to conduct an in-person colloquy informing him of the rights that he was waiving by pleading guilty. He also asserts in the event error was not preserved on this claim that his attorney rendered ineffective assistance in not challenging his guilty plea through a motion in arrest of judgment. For the reasons stated herein, we reverse Kalvig's conviction and sentence, and remand the case for further proceedings to allow Kalvig to plead anew.

**I. Background Facts and Proceedings.**

The State charged Kalvig with four counts of second-degree theft, one count of third-degree theft, and one count of driving while barred. The parties entered into a plea agreement whereby Kalvig would plead guilty to one count of second-degree theft, both parties would recommend a sentence of five years in prison, and the State would dismiss all other charges. Kalvig signed a written guilty plea that was filed with the court. Subsequently, a plea hearing was held where the court accepted the written plea and discussed the following matters with Kalvig:

> THE COURT: Do you have a copy of a written plea of guilty in front of you, Mr. Kalvig?
> THE DEFENDANT: I do, Your Honor.
> THE COURT: And are you Clay Douglas Kalvig?
> THE DEFENDANT: Yes.

THE COURT: That document in front of you has initials on the left side of each page?

THE DEFENDANT: Yes.

THE COURT: Are those your initials?

THE DEFENDANT: They are.

THE COURT: Have you reviewed this document with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Have you reviewed every paragraph?

THE DEFENDANT: Yes, sir.

THE COURT: On the third page is a signature. Is that your page—is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand what this document is?

THE DEFENDANT: I do.

THE COURT: It's a plea of guilty?

THE DEFENDANT: Yes.

THE COURT: Have you had enough time to talk to your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that you're entitled to have a trial. You had previously pled not guilty and you can stand on that plea of not guilty and have a trial?

THE DEFENDANT: Right.

THE COURT: And the State would be required to prove all the elements of the offense and has the burden to prove your guilt beyond a reasonable doubt. Do you understand that?

THE DEFENDANT: I do.

THE COURT: Is anybody threatening you or forcing you to do this today?

THE DEFENDANT: No, Your Honor.

THE COURT: Has your attorney explained to you the maximum and minimum penalties for this?

THE DEFENDANT: Yes, sir.

THE COURT: If you look on page 3 as I indicated earlier at paragraph 17 it says, that I am pleading guilty only as I'm guilty of one count of Theft in the Second Degree; is that correct?

THE DEFENDANT: That is correct, Your Honor.

THE COURT: What did you do?

THE DEFENDANT: I hooked up to a trailer that was in an alleyway and took it, it wasn't mine.

THE COURT: Okay. Do you understand that's illegal and you didn't have permission to do that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And was the cost of that amount exceeding $1000.00?

THE DEFENDANT: It seems it is, Your Honor, yeah.

THE COURT: [Defense Counsel], do you know of any reason why I should not accept this plea?

[DEFENSE COUNSEL]: No, Your Honor. I do not.

THE COURT: [Prosecutor], do you know of any reason?

[PROSECUTOR]: Just that this occurred in Cerro Gordo County, Your Honor.

THE COURT: Okay. Did it occur in Cerro Gordo County, sir?

THE DEFENDANT: It did.

[PROSECUTOR]: I know of no reason, Your Honor.

THE COURT: Mr. Kalvig, the Court will accept your written plea of guilty and the statements that you made today admitting that you have committed Theft in the Second Degree. And even though that written plea was filed a month ago, do you need any additional time—you've had sufficient time to discuss this matter with your client, and are you prepared proceed to sentencing, [Defense Counsel]?

. . . .

THE COURT: Again, the Court finds that the Defendant has knowingly and voluntarily entered a plea of guilty, understands the consequences. What is the State's recommendation?

The court then proceeded to hear the joint sentencing recommendation and sentenced Kalvig accordingly. He now appeals claiming the court failed to conduct a thorough in-person colloquy with him pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b) and should not have relied on his written plea of guilty as he plead guilty to a class "D" felony.

**II. Scope and Standard of Review.**

A claim that a guilty plea was not entered voluntarily and intelligently is reviewed de novo because it implicates the Due Process Clause of the Fourteenth Amendment. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003).

**III. Error Preservation.**

In order to challenge a guilty plea on appeal, Iowa Rule of Criminal Procedure 2.24(3)(a)[1] requires a defendant to first file a motion in arrest of judgment with the district court. However, this bar to challenging a guilty plea will not operate if the court did not comply with rule 2.8(2)(d),[2] which requires the court to inform the defendant of the need to file a motion in arrest of judgment and the consequences of failing to file the motion. *See State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004). Here, Kalvig did not file the motion but asserts the court's failure to personally advise him of the requirement relieves him of the obligation to file the motion in order to challenge his guilty plea on appeal.

In this case, the written guilty plea Kalvig signed contained the following language:

> I understand if I wish to contest the validity of this guilty plea proceeding, I must do so by filing a Motion in Arrest of Judgment. The Motion must be in writing and filed with the Clerk of Court at least five days before sentencing or within forty-five days from the date my plea of guilty is accepted by the Court, whichever date is sooner. If I do not file the Motion, I cannot contest the validity of my guilty plea either in this Court or on appeal but I may still appeal the sentence.

The next paragraph of the written guilty plea acknowledged Kalvig would have fifteen days to prepare for sentencing but waived that time. In addition to signing the document as a whole, Kalvig also initialed each paragraph including these

---

[1] Iowa Rule of Criminal Procedure 2.24(3)(a) provides, in part, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."
[2] Iowa Rule of Criminal Procedure 2.8(2)(d) provides, "The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."

paragraphs. There was no discussion during the plea hearing about the need to file a motion in arrest of judgment or the consequences of failing to do so.

The supreme court in *State v. Hook*, 623 N.W.2d 865, 868 (Iowa 2001), held the court's failure to personally advise the defendant of his right to file a motion in arrest of judgment and the consequences of failing to do so relieved the defendant of the requirement to file the motion in order to preserve his challenge to his guilty plea. *Hook* dealt with a defendant's guilty plea to a class "D" felony where the defendant filed a written guilty plea, and the trial court conducted a shortened colloquy with the defendant questioning the defendant in reference to the written plea. 632 N.W.2d at 866. In reference to the rule 2.8(2)(d) advisory, the court asked defense counsel whether he had discussed the rule with his client. *Id.* at 868. The defense attorney assured the court the defendant had been advised, but the court did not specifically address the defendant, state the requirements of the rule, or the consequences of not filing the motion. *Id.* The supreme court found the colloquy inadequate and permitted Hook to challenge his guilty plea despite his failure to file the motion in arrest of judgment. *Id.*

*Hook* was subsequently abrogated in part by the supreme court in *State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002), where the court held "defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar that rule 2.24(3)(a) imposes to challenging a guilty plea on appeal." However, we conclude that *Hook* is still good law when applied to guilty pleas in felony cases.

While the State seeks for us to extend the *Barnes* ruling to relieve the court of its obligation to personally inform a defendant, who pleads guilty to a felony charge, of the rule 2.8(2)(d) requirement if the defendant files a written acknowledgement of the same, we decline to do so.

We conclude in felony guilty plea cases the court is required to personally inform the defendant of the rule 2.8(2)(d) requirement to file a motion in arrest of judgment and the consequences of failing to file the motion, and the court cannot rely on a written acknowledgement or waiver. Because the court failed to advised Kalvig pursuant to rule 2.8(2)(d), Kalvig is relieved of the requirement to file the motion in arrest of judgment in order to challenge his guilty plea on appeal. Thus, we need not consider Kalvig's alternative claim that counsel was ineffective in failing to file a motion in arrest of judgment. We now turn to Kalvig's claim his guilty plea was not entered voluntarily and intelligently.

**IV. Rule 2.8(2)(b).**

Iowa Rule of Criminal Procedure 2.8(2)(b) provides a blueprint to the district court to ensure a guilty plea is entered voluntarily and intelligently, and thus in compliance with due process. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). The rule provides, in part:

> [T]he court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> (1) The nature of the charge to which the plea is offered.
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
> (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.

   (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.

   (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

Iowa R. Crim. P. 2.8(2)(b). The in-court personal colloquy with the defendant cannot be waived in felony cases. *Id.* ("The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor."); *see also Hook*, 623 N.W.2d at 868 ("At no time can a written guilty plea to a felony serve as a substitute for a question the court is required to pose to the defendant directly.").

Here, Kalvig filed a written plea of guilty to a class "D" felony, and the court failed to conduct the required in-person colloquy with Kalvig during the plea hearing. While the written guilty plea encompassed all the required advisories contained in rule 2.8(2)(b), the in-court colloquy only addressed Kalvig's right to a trial and provided a factual basis to support the guilty plea. The colloquy failed to address the nature of the charge; the minimum and maximum applicable punishments; the advisory a guilty plea may affect his immigration status; and his various trial rights including the right to a jury, to the assistance of counsel, to confront and cross-examine witnesses, to not incriminate himself, and to present witnesses and to have compulsory process to secure their attendance. *See* Iowa R. Crim. P. 2.8(2)(b)(1)-(5).

Because the court failed to address the required advisories in rule 2.8(2)(b) with the defendant personally in open court, we vacate Kalvig's guilty plea and remand the case for further proceedings to allow him to plead anew.

**REVERSED AND REMANDED.**