# IN THE COURT OF APPEALS OF IOWA

No. 14-0845
Filed January 28, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BRANDON JOSEPH CHRISTOPHER SEIM,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Myron L. Gookin, Judge.

Defendant appeals following his guilty plea to second-degree murder. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link and Andrew Prosser, Assistant Attorneys General, Lisa Holl, County Attorney, and Gary Oldenburger, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Brandon Seim contends his counsel rendered constitutionally deficient performance by allowing Seim to plead guilty to second-degree murder without a factual basis supporting the element of "malice aforethought." *See* Iowa Code §§ 707.1, 707.3 (2011). As a general rule, a defendant's failure to file a motion in arrest of judgment precludes a later challenge to a guilty plea. However, an exception to this rule exists where, as here, the defendant "alleges trial counsel was ineffective for permitting him to plead guilty to a charge for which there is no factual basis and for failing to thereafter file a motion in arrest of judgment." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). We thus address the claim on the merits.

Iowa Rule of Criminal Procedure 2.8(2)(b) provides that a court "shall not accept a plea of guilty without first determining that the plea . . . has a factual basis." A factual basis for a guilty plea exists if an examination of the entire record before the district court finds facts sufficient to support the crime; there does not need to be evidence in the record to prove the defendant guilty beyond a reasonable doubt. *See Finney*, 834 N.W.2d at 62.

"Malice aforethought is a fixed purpose or design to do physical harm to another that exists before the act is committed. It does not have to exist for any particular length of time." *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002). The record is replete with facts supporting the challenged element of this offense. Seim murdered the victim by stabbing him multiple times with a knife in two separate attacks. Seim was angry with the victim for not allowing Seim into the

victim's house to see Seim's cousin. Seim left the victim's house to get a knife, vowing to return and confront the victim. When Seim returned, he forced entry into the victim's house and stabbed the victim before being wrestled outside by the victim. After the victim retreated back into the house and closed the door, Seim broke through the door and stabbed the victim multiple times. The victim once again wrestled Seim outside, this time subduing him before police arrived. The victim died later that day from injuries sustained during the attacks. At least one of the stab wounds was to the victim's chest. When police asked Seim how witnesses would describe what had happened, Seim stated they probably would say he was "a cold-hearted killer, and I don't blame them."

We conclude the foregoing constitutes a sufficient factual basis supporting Seim's plea to second-degree murder. *See Myers*, 653 N.W.2d at 580 (finding factual basis to support element of malice aforethought from defendant's statements that she became angry at the victim and slammed him to the floor, knowing it would cause the victim physical harm); *State v. Smith*, 242 N.W.2d 320, 326 (Iowa 1976) (finding factual basis to support element of malice aforethought and noting "malice aforethought may be inferred from defendant's use of . . . a deadly weapon"); *State v. Hansen*, No. 13-0177, 2014 WL 1495493, at *5 (Iowa Ct. App. Apr. 16, 2014) (finding defendant acted with a "fixed purpose or design" from evidence that, rather than leaving the scene, defendant retrieved a gun and returned to shoot the victim). We therefore reject Seim's claim of ineffective assistance of counsel. *See State v. Brooks*, 555 N.W.2d 446, 450 (Iowa 1996) (finding counsel was not ineffective in allowing a defendant to plead

guilty where a factual basis existed for the plea). Seim's conviction is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**