# IN THE COURT OF APPEALS OF IOWA

No. 16-1190
Filed September 13, 2017

**PHILIP EDDIE STACY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Sioux County, Jeffrey A. Neary,
Judge.


Applicant appeals the district court decision denying his application for
postconviction relief from his convictions for second-degree sexual abuse and
lascivious acts with a child.  **AFFIRMED.**


Michael J. Jacobsma of Jacobsma, Clabaugh & Goslinga, P.L.C., Sioux
Center, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant
Attorney General, for appellee State.



Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Philip Stacy appeals the district court decision denying his application for postconviction relief from his convictions for second-degree sexual abuse and lascivious acts with a child. We find Stacy has failed to show he received ineffective assistance from defense counsel or postconviction counsel. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

On December 17, 2012, Stacy was charged in FECR014164 with sexual abuse in the second degree, four counts of sexual abuse in the third degree, and sexual exploitation of a minor. On January 8, 2013, Stacy was charged in FECR014201 with two counts of lascivious acts with a child. The cases involved two different child victims.

Stacy entered into a plea agreement in which he agreed to plead guilty to second-degree sexual abuse, in violation of Iowa Code section 709.3(2) (2011), and to be sentenced to twenty-five years in prison, where he would not be eligible for parole or work release until he had served at least seventy percent of his sentence. Stacy also agreed to plead guilty to one of the counts of lascivious acts with a child, in violation of section 709.8(1), with a ten year sentence, to be served concurrently with his sentence for second-degree sexual abuse. The State agreed to dismiss the other charges against Stacy. The district court accepted Stacy's guilty pleas and sentenced him according to the plea agreement. Stacy did not appeal his convictions.

On August 1, 2014, Stacy filed an application for postconviction relief. He claimed he received ineffective assistance because defense counsel improperly

informed him he would only have to serve eight years in prison and did not file a motion to suppress. The district court found, "There is nothing in the record that suggests Mr. Stacy should have had an expectation of an eight-year sentence." The court also found the evidence Stacy sought to suppress (photographs and text messages) was obtained by Stacy's wife and given to the police. Because the wife was not acting as an agent of the government, the evidence of her actions were not suppressible. Stacy now appeals the district court decision denying his application for postconviction relief.

## II.     Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *Id.* An applicant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III.     Ineffective Assistance

## A.     Defense Counsel

(1)     Stacy claims he received ineffective assistance because defense counsel misinformed him of the mandatory minimum sentence on his conviction for second-degree sexual abuse. At the postconviction hearing, Stacy testified defense counsel told him, "[M]ore than likely you'll do eight years." Stacy stated the county attorney was in the room at the time and he agreed with defense counsel. Stacy testified he believed he would serve seventy percent of half of

the twenty-five year sentence, which is 8.75 years. Stacy's mother, Josephine Stacy, also testified Stacy was informed he would only need to serve eight years in prison.

Defense counsel testified Stacy was informed several times the sentence for second-degree sexual abuse was twenty-five years, with a seventy percent mandatory minimum sentence, 17.5 years. Defense counsel stated he advised Stacy he would not be eligible for parole until he served 17.5 years. Defense counsel testified Stacy asked him if he had to serve exactly 17.5 years, so he believed Stacy understood the mandatory minimum sentence was 17.5 years.

Stacy signed a written plea agreement, which provided:

> The State and the Defendant agree that the Defendant shall be placed in the custody of the Director of the Iowa Department of Corrections for an indeterminate term not to exceed 25 years. . . . Pursuant to Iowa Code Section 902.12(3), Defendant shall not be eligible for parole or work release until he has served at least 70 percent (17.5 years) of the maximum sentence imposed herein.

Additionally, during the plea proceeding the court asked the prosecutor to explain the maximum and minimum penalties and Stacy was informed, "The maximum penalty is an indeterminate prison term not to exceed 25 years. . . . There is a minimum sentence of 70 percent, or 17 and a half years, that must be served by the defendant before he is eligible for parole." Stacy stated he understood the range of sentences available to the court.

The district court determined Stacy did not meet his burden of proof to show he was misinformed of the mandatory minimum sentence on the charge of second-degree sexual abuse. The court found, "[T]here is nothing documented in the record to suggest that Mr. Stacy should have believed his sentence would

be halved prior to application of the seventy percent minimum as required by statute," and there was substantial evidence to show Stacy should have expected the sentence he received. We agree with the district court's conclusions and find Stacy has not shown he received ineffective assistance based on his claim he was misinformed about the mandatory minimum sentence.

(2)    Stacy claims he received ineffective assistance because defense counsel did not file a motion to suppress photographs and text messages found on his cell phone by his wife. "It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A claim of ineffective assistance of counsel survives a guilty plea "when a postconviction relief applicant can show trial counsel breached a duty in advance of the guilty plea that rendered the plea involuntary or unintelligent." *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011). An applicant seeking postconviction relief after a guilty plea "must establish the guilty plea would not have been entered but for the breach of duty by counsel." *Id.*

On appeal, Stacy does not allege he would not have entered a guilty plea and would have insisted on going to trial if counsel had filed a motion to suppress. He states only, "Had trial counsel filed a motion to suppress evidence, the court would have suppressed the use of that evidence." We conclude Stacy has not established "the guilty plea would not have been entered but for the breach of duty by counsel." *See id.* We conclude he has failed to show he received ineffective assistance of counsel on this ground.

(3) Stacy states he received ineffective assistance because postconviction counsel did not raise an issue claiming defense counsel was ineffective because he permitted Stacy to plead guilty to second-degree sexual abuse when there was not an adequate factual basis for the plea. A charge of second-degree sexual abuse arises when "[t]he other person is under the age of twelve." Iowa Code § 709.3(1)(b). Stacy claims there is not sufficient evidence to show the victim was under the age of twelve at the time of the offense.

"It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). There is no requirement of evidence beyond a reasonable doubt, only a need for a factual basis to support the charge. *Id.* at 62.

During the plea proceeding, the following exchange occurred:

> THE COURT: Mr. Stacy, on or about and from April 1 through August 31 of 2011, in Sioux County, Iowa, did you perform a sex act with [the victim]?
> [Stacy]: Yes, sir.
> . . . .
> THE COURT: And at that time was she under the age of 12?
> [Stacy]: Yes, sir.

We conclude there is a sufficient factual basis in the record to support Stacy's guilty plea to the charge of second-degree sexual abuse. Stacy has not shown he received ineffective assistance on this issue.

## B. Postconviction Counsel

Stacy states he received ineffective assistance because postconviction counsel did not raise an issue claiming defense counsel was ineffective for failing to insist the district court personally inform him of the maximum and minimum

sentences during the plea proceedings. During the plea proceedings, the court asked the prosecutor to recite the maximum and minimum penalties for second-degree sexual abuse and lascivious acts with a child, and the prosecutor complied. No objection to this procedure was raised. Stacy stated he understood the range of sentences and did not have any questions.

Iowa Rule of Criminal Procedure 2.8(2)(b)(2) provides, "Before accepting a plea of guilty, the *court* must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands" the maximum and minimum punishment for an offense. (Emphasis added). Here, Stacy was informed in person of the maximum and minimum sentences, albeit not by the court. *See State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002).

We note it would have been the better practice for the court to address Stacy, rather than rely on the prosecutor. On Stacy's claim of ineffective assistance of counsel, however, we conclude Stacy has not shown he was prejudiced because the information concerning maximum and minimum sentences came from the prosecutor, at the request of the court, rather than from the court directly. Stacy has not shown there is a reasonable probability he would not have pleaded guilty and would have insisted on going to trial if the information had been given to him by the court. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

We affirm the decision of the district court denying Stacy's application for postconviction relief.

**AFFIRMED.**