# IN THE COURT OF APPEALS OF IOWA

No. 18-1718
Filed January 9, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**TREKEL MARQUIS BARKER,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

Trekel Barker appeals his convictions for robbery in the first degree, carrying a dangerous weapon, trafficking in stolen weapons, and theft in the fourth degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Trekel Barker appeals his convictions for robbery in the first degree, carrying a dangerous weapon, trafficking in stolen weapons, and theft in the fourth degree, in violation of Iowa Code sections 711.1, 711.2, 714.1, 714.2, 724.4, and 724.16A (2018). Because the court did not abuse its discretion in denying Barker's motion for mistrial, motion for new trial, and motion in arrest of judgment, and Barker's counsel did not provide ineffective assistance by not objecting to a jury instruction, we affirm.

## I.  Background Facts & Proceedings

On the afternoon of June 1, 2018, Barker texted a friend, Tyrese Griffin-Uken, asking if he had a lighter. They met at a church to exchange the lighter, then both went to Griffin-Uken's apartment because Barker asked for a drink of water.

Griffin-Uken left the apartment for a short time to meet his mother in the parking lot, where she gave him $200. Griffin-Uken testified that when he returned to the apartment, Barker pointed a handgun at his face and told him to get up against the wall. Barker hit Griffin-Uken, telling him to shut up and get on the floor. Barker removed the gun's magazine to show Griffin-Uken the gun was loaded, replaced the magazine, and chambered a round. Barker took the $200 from Griffin-Uken, as well as a necklace and ring. Barker discarded the ring and threatened to kill Griffin-Uken and his family if he told anyone.[1]

---

[1] Barker's account differed—he claimed the necklace had been given to him by a paramour, and Griffin-Uken asked to try it on that day. Barker told police he had obtained the money from a job, but testified he stole it from Griffin-Uken. He

After Barker left, Griffin-Uken called the police and a family member. Responding officers were given a description of Barker's clothing and his name. The police located Barker at a nearby liquor store and found the necklace, $192.50, and a handgun on him.[2]

Police obtained a search warrant for Barker's vehicle, where they found a leather holster that fit the gun Barker had been carrying. The handgun Barker carried had been reported stolen on May 30. Barker claimed to have purchased the gun from a friend on May 30 and did not know or care if the gun was stolen.

Barker was charged with robbery, carrying a dangerous weapon, trafficking in stolen weapons, and theft in the third degree.[3] In September, a jury found Barker guilty of robbery in the first degree, carrying a dangerous weapon, trafficking in stolen weapons, and theft in the fourth degree. Barker filed motions for a mistrial (based on the admission of testimony that violated a limine order), for new trial, and in arrest of judgment. The court denied each motion.

Barker appeals.

## II. Standard of Review

Our review of several issues before us is for an abuse of discretion. *See State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017) (motion for mistrial); *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (motion for new trial); *State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002) (motion in arrest of judgment). "When assessing

---

maintained he did not threaten or assault Griffin-Uken. Barker's paramour testified she purchased the necklace and gave it to Barker in December 2017 for their two-month anniversary.

[2] Barker had purchased a pack of cigarettes and a beverage at the liquor store.

[3] The State dismissed a burglary charge before trial.

a district court's decision for an abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *Plain*, 898 N.W.2d at 811. "When a ground or reason is based on an erroneous application of the law or not supported by substantial evidence, it is untenable." *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014).

"Ineffective-assistance-of-counsel-claims are reviewed de novo." *Myers*, 653 N.W.2d at 576. "In order to succeed on an ineffective-assistance claim, the defendant ordinarily must show (1) [his] counsel failed to perform an essential duty and (2) because of counsel's error, the defendant was prejudiced." *Id.* at 576–77.

### III. Analysis

Barker claims the State violated a limine order and the court abused its discretion in denying Barker's motion for mistrial. Barker also claims the court abused its discretion in overruling his motion for new trial and motion in arrest of judgment. Finally, Barker asserts his trial counsel was ineffective for failing to object to a jury instruction.

**A.** **Motion for mistrial.** Before trial, the court granted a motion in limine to prohibit the State from eliciting evidence of Barker's criminal history or knowledge about Barker that police gained from other investigations.

During trial, in response to a question why he responded to the area upon hearing the dispatch (which, as noted above, included Barker's name and description), a detective testified he was familiar with Barker from prior investigations. The detective also testified in response to another question that he thought Barker recognized him as an officer. Following a belated objection outside

the presence of the jury, the court ruled this testimony violated the limine order and offered to give a curative instruction but did not strike it from the record.

"[O]ne or more violations of an in-limine order would not be per se grounds for a mistrial." *Kinseth v. Weil-McLain*, 913 N.W.2d 55, 73 (Iowa 2018). To establish reversible error, Barker "must show the violation of the limine order resulted in prejudice that deprived [him] of a fair trial." *State v. Frei*, 831 N.W.2d 70, 80 (Iowa 2013), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016). A defendant is denied a fair trial when "the matter forbidden by the ruling was so prejudicial that its effect upon the jury could not be erased by the court's admonition." *State v. Jackson*, 587 N.W.2d 764, 766 (Iowa 1998). Barker, as the party claiming prejudice, bears the burden of establishing it. *See Frei*, 831 N.W.2d at 80–81 (citation omitted).

Barker moved for a mistrial and rejected the offer of a curative jury instruction, arguing the reference to previous investigations "is extremely damaging" and "no limiting instruction to the jury can rectify that." Defense counsel also noted, "Any sort of limiting instruction at this point is going to be futile. It is just going to draw the jury's attention to the two statements that were already made, and there is just no way to correct the error." Barker renewed the motion for mistrial twice more during trial, and each time the court reserved ruling. The court denied the post-trial renewal of the motion.

The court found the violation of the limine order was not intentional by the prosecutor. The court noted the witness's answer "was not pursued, was not argued. There were no further references to prior investigations." The court noted the answer did not indicate Barker's role in the investigations and did not link it to

prior arrests, charges, or criminal convictions. Ultimately, the court determined that "under the circumstances and under the context of the question and considering all the other evidence in the case, . . . there was no prejudice" and "Barker was not deprived of a fair trial in this matter."

The violations of the limine order appear to have been inadvertent answers to the State's questioning. Barker has not shown the district court's decision rested on untenable or unreasonable grounds, nor has he established prejudice. We conclude the district court did not abuse its discretion in overruling Barker's motion for mistrial.

**B.      Motion for new trial and motion in arrest of judgment.** Following the jury's verdict, Barker filed a motion for new trial, claiming the verdicts were contrary to the weight of the evidence. He argues the State failed to prove one or more elements of the offenses of robbery, trafficking in stolen weapons, and theft.

"A district court should grant a motion for a new trial only in exceptional circumstances." *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016). "[A] district court may invoke its power to grant a new trial on the ground the verdict was contrary to the weight of the evidence only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered." *Id.* at 706. "A trial court should not disturb the jury's findings where the evidence they considered is nearly balanced or is such that different minds could fairly arrive at different conclusions." *Shanahan*, 712 N.W.2d at 135. "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003).

In considering and ruling on the issue, the trial court stated,

In regard to the motion for new trial, the court recognizes that the evidence, and in particular, the evidence in regard to the trafficking in stolen weapons charge and the knowledge that the weapon was stolen is based upon circumstantial evidence. There was no direct evidence at trial as to that knowledge, either during the state's case in chief or after the defendant's evidence.

However, in regard to all four counts, the court does find that the verdict reached by the jury on all four counts is not contrary to the weight of credible evidence presented at trial.

The court, based upon the testimony of the witnesses, and again, weighing the evidence at trial, believes that the verdict was supported and that the guilty verdicts for all four charges were supported by the weight of that credible evidence . . . .

In particular, the trial court found the evidence of the robbery and carrying weapons "was overwhelming to the extent that the jury would find credible the testimony of Tyrese Griffin-Uken."

The trial court clearly considered and weighed the evidence presented both for and against Barker. The court recognized that, with respect to the robbery charge, "it was largely a case of the testimony of Mr. Griffin-Uken and credibility issues." Reviewing the facts and circumstances of the case, the district court had adequate reason to conclude the evidence did not preponderate heavily against the verdicts. *See Reeves*, 670 N.W.2d at 208. We find the court did not abuse its discretion in denying the motion for new trial.

**C.** **Ineffective assistance of counsel.** Barker's final claim is that trial counsel provided ineffective assistance by failing to object to a jury instruction informing the jury they could consider Barker's out-of-court statements as if made

at trial.[4]  Barker characterizes the instruction as a misstatement of the law.  The instruction at issue states, "You have heard evidence claiming Trekel Barker made statements at an earlier time and place.  If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial."

We have repeatedly rejected similar challenges to this instruction, both before and since Barker's case went to trial.  *See State v. Bishop*, No. 18-0560, 2019 WL 1300380, at *1 (Iowa Ct. App. Mar. 20, 2019) (collecting cases rejecting various challenges to the instruction); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *8–9 (Iowa Ct. App. Mar. 7, 2018).  "Counsel has no duty to raise an issue that has no merit." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).  Barker's counsel was not ineffective for not objecting to the instruction.

**AFFIRMED.**

---

[4] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings."  *See* 2019 Iowa Acts ch. 140, § 31.  In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 235 (Iowa 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019.  *See id.*