**IN THE COURT OF APPEALS OF IOWA**

No. 19-0706
Filed March 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALICIA MARIE RIOS,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Fayette County, Linda M. Fangman,

Judge.


        Defendant appeals her conviction of murder in the first degree. **AFFIRMED.**



        Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins and Denise

Timmons, Assistant Attorneys General, for appellee.


        Considered by Mullins, P.J., Schumacher, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**DANILSON, Senior Judge.**

Alicia Rios appeals her conviction of murder in the first degree. She claims she received ineffective assistance because defense counsel permitted her to plead guilty when there was not a sufficient factual basis for her plea. We find there is sufficient evidence in the minutes of testimony to show Rios acted with malice aforethought and manifested an extreme indifference to human life. We conclude Rios has not shown she received ineffective assistance of counsel and affirm her conviction.

## I. Background Facts & Proceedings

According to the minutes of evidence, Rios was the mother of L.R., born in 2018. Rios told Scott Reger, a special agent with the Iowa Division of Criminal Investigation, that on August 21, 2018, when L.R. was about five weeks old, "she became frustrated with [the child's] crying and then threw [the child] down, striking her head on a coffee table and then the floor."

After a 911 call, officers arrived at the scene to find L.R. was having difficulty breathing and was unresponsive. Medical personnel observed "multiple areas of bruising on [the child's] chest and abdomen, as well as other areas of bruising on [the child's] body including bilateral eyelid swelling and bruising." Dr. Barbara Knox stated the child "was suffering multiple skull fractures, subdural hemorrhaging, cerebral edema, [and e]xtensive bilateral retinal hemorrhages." Dr. Paul Stanton and Dr. James Stadler stated the child's injuries were "consistent with abusive head trauma." Also, Dr. Scott Hagen stated the child's condition "was not consistent with non-accidental trauma."

Rios told Amanda Palm, a physician's assistant, Rios's two-year-old son was playing with a toy near L.R., who was in a car seat. She stated the older child "bounced onto the child." Rios stated L.R. cried after this but was limp, so she called 911. Palm believed the child's injuries were consistent with non-accidental trauma. Dr. Geralyn Zuercher stated the child's injuries were not consistent with those that would result from a toy being dropped on her head. The child died as a result of her injuries.

Rios was charged with murder in the first degree, in violation of Iowa Code section 707.2(1)(e) (2018), based on a theory she killed L.R. while committing child endangerment, in violation of section 726.6(1)(b), or while committing assault, in violation of section 708.1. In addition, Rios was charged with child endangerment resulting in death, in violation of section 726.6(1)(b) and (4).

Rios entered into a plea agreement in which she agreed to enter an *Alford* plea to first-degree murder and the State agreed to dismiss the charge of child endangerment.[1] Rios told the court it could rely on the minutes of evidence to help establish a factual basis for the offense. She also agreed the witnesses listed by the State would testify in accordance with the minutes, and this would provide substantial evidence to show she committed first-degree murder. The court found there was a factual basis for Rios's guilty plea. The court determined the plea was knowingly and intelligently entered, and was voluntary. Rios was sentenced to life in prison. She now appeals.

---

[1] In an *Alford* plea, a defendant pleads guilty to a crime without admitting to the underlying facts of the offense. *State v. Rodriguez*, 804 N.W.2d 844, 847 n.1 (Iowa 2011) (citing *North Carolina v. Alford*, 400 U.S. 25, 32 (1970)). In this type of plea, a defendant consents to the imposition of a sentence without admitting guilt. *Id.*

## II.    Ineffective Assistance

Rios claims she received ineffective assistance because defense counsel failed to file a motion in arrest of judgment to challenge her guilty plea. She states there was not an adequate factual basis for the plea. Rios asserts there is no evidence in the record to show she acted with malice aforethought. She also asserts there is insufficient evidence to show she intentionally committed a wrongful act or exhibited an extreme indifference to human life. Rios asks to have her guilty plea vacated and the case remanded for further proceedings.

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

"It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). We examine the entire record to determine if there is a factual basis for a defendant's guilty plea. *Id.* at 62. "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Id.* A sufficient factual basis may be found in the minutes of evidence. *Id.*

For first-degree murder, the State was required to show:

> [The defendant] shook, struck, and/or assaulted the child; the child was under age fourteen; the child died as a result of being shaken, struck, or assaulted by [the defendant]; [the defendant] acted with malice aforethought; [the defendant] was committing the offense of child endangerment or assault; and the child's death occurred under circumstances showing an extreme indifference to human life.

*State v. Trowbridge*, No. 12-2272, 2014 WL 955404, at *3 (Iowa Ct. App. Mar. 12 2014) (citing Iowa Code §§ 707.1, .2(5)); *see also State v. Blanchard*, No. 09-0871, 2010 WL 2089222, at *3 (Iowa Ct. App. May 26, 2010) (listing elements of offense).

**A.**     Rios claims there is not a sufficient factual basis for the element that she manifested an extreme indifference to human life. *See* Iowa Code § 707.2(5). "The 'extreme indifference' element stands apart from, and in addition to, the element of malice." *State v. Thompson*, 570 N.W.2d 765, 769 (Iowa 1997). "No further elaboration—by reference to risk of danger or recklessness—adds in a meaningful way to the words themselves." *Id.* "We agree that the phrase 'manifesting an extreme indifference to human life,' when considered in the context of a killing of a child with malice, sufficiently describes the aggravating circumstance elevating the act from second-degree to first-degree murder so as to need no further or other explanation." *Id.* at 768.

We previously found, "intentionally shaking and striking the head of a five-day-old child manifests extreme indifference or callousness to human life." *Blanchard*, 2010 WL 2089222, at *4. In this case, Rios manifested extreme indifference to human life by throwing L.R. down, striking the child's head on the coffee table and floor. We conclude there is a sufficient factual basis in the record on the element of "manifesting an extreme indifference to human life." *See* Iowa Code § 707.2(5).

**B.** Rios claims there is not sufficient evidence to show she acted with malice aforethought, which is necessary under both alternatives in Iowa Code section 707.2(1)(e). "Malice aforethought is a fixed purpose or design to do physical harm to another that exists before the act is committed. It does not have to exist for any particular length of time." *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002). Malice is a state of mind and is usually proven by circumstantial evidence. *State v. Newell*, 710 N.W.2d 6, 21 (Iowa 2006).

In *State v. Rhode*, 503 N.W.2d 27, 39 (Iowa Ct. App. 1993), we found malice could be inferred from the circumstantial evidence that the defendant "intentionally slammed [a child's] head against a hard, flat surface causing a severe head injury." *Accord State v. Porter*, No. 12-0170, 2013 WL 2146543, at *5 (Iowa Ct. App. May 15, 2013) (inferring malice from defendant's violent shaking of child, resulting in death); *Blanchard*, 2010 WL 2089222, at *4 (finding malice could be inferred from the death of a child caused by defendant intentionally shaking and striking the head of the child).

Rios told the district court it could rely on the minutes of evidence to establish a factual basis for her guilty plea. The minutes provide that Special Agent Reger would testify Rios told him:

> That she was at home in the morning that day with her two-year-old son, [B.R.] and [L.R.], while her husband, Abrahan Rios, and her mother, Dawn Fernette, were both at work. That [L.R.] was fine the night before and fine that morning of August 21, 2018 while her husband and mother were at work. That she became frustrated with [L.R.] and [B.R.] crying and then threw [L.R.] down, striking her head on a coffee table and then the floor. That [L.R.] had been healthy and happy the days prior and that [L.R.] had eaten earlier that morning. That she was the only person with [L.R.] and her son after her husband went to work.

Due to Rios's action striking the child's head on the coffee table and the floor, the child had "multiple areas of bruising on [her] chest and abdomen, as well as other areas of bruising on [her] body including bilateral eyelid swelling and bruising." The child suffered multiple skull fractures, subdural hemorrhaging, cerebral edema, and extensive bilateral retinal hemorrhages.

As in *Rhode*, 503 N.W.2d at 39, we infer malice aforethought from the circumstantial evidence Rios "intentionally slammed [a child's] head against a hard, flat surface causing a severe head injury." Rios stated she had become frustrated because the child was crying and threw the child down, striking her head on the coffee table and floor. We find there is a factual basis in the record to support the element of malice aforethought.

**C.** We conclude Rios has not shown she received ineffective assistance because defense counsel permitted her to plead guilty when there was an inadequate factual basis for her plea. For the same reasons, counsel was not ineffective for failing to file a motion in arrest of judgement. We affirm Rios's conviction of first-degree murder.

**AFFIRMED.**