# IN THE COURT OF APPEALS OF IOWA

No. 14-1458
Filed February 10, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTONIO VINCENT GRAY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


        A defendant challenges his guilty plea to a felony drug offense, claiming his counsel was ineffective. **AFFIRMED.**


        Jack E. Dusthimer, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Katie Krickbaum, Assistant Attorneys General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Antonio Gray pleaded guilty to delivery of heroin and requested immediate sentencing, telling the district court he did not want to "delay the inevitable." On appeal, he claims his counsel was ineffective for failing to ensure his plea was knowing and voluntary. Because Gray cannot show prejudice from counsel's performance, we affirm his conviction and sentence.

Gray was arrested for selling one-half gram of heroin to a police informant in the parking lot of a Davenport Taco Bell in June 2014. On July 22, 2014, the State charged Gray with delivery of a controlled substance, a class "C" felony, in violation of Iowa Code section 124.401(1)(c) (2013). Following his arraignment on July 24, Gray accepted the State's plea offer and signed a written plea agreement. As part of the plea agreement, the State agreed not to pursue a sentencing enhancement under Iowa Code section 124.411.

At a July 25 hearing, the court engaged in a plea colloquy with Gray, who asked to be sentenced the same day. The district court informed Gray that by waiving time for sentencing he was giving up his right to challenge his guilty plea by a motion of arrest of judgment and his right to appeal from the guilty plea. He responded: "I understand very clearly." The district accepted Gray's plea and sentenced him to an indeterminate ten-year term with a one-third mandatory minimum as required by section 124.413. Gray now appeals, alleging his plea should be set aside.

Gray's failure to file a motion in arrest of judgment bars a direct challenge to his guilty plea. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). But we

will consider Gray's challenge through the lens of ineffective assistance of counsel. *See id.* at 133. Our review is de novo. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). We often reserve claims of ineffective assistance for postconviction proceedings so counsel can defend against the accusations, but we will decide the claims on direct appeal if the record is adequate. *Id.* at 240.

Gray must show by a preponderance of the evidence (1) his plea counsel failed to perform an essential duty and (2) counsel's failure resulted in prejudice. *See Straw*, 709 N.W.2d at 133, 138. The measure of prejudice is whether there existed a reasonable probability that, but for counsel's omission, Gray would not have pleaded guilty and would have insisted on going to trial. *See id.* at 135–36 (discussing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Gray claims his plea counsel was ineffective for allowing him to proceed to immediate sentencing and waive the right to file a motion in arrest of judgment when the record revealed "confusion" concerning his mandatory minimum term and the impact of his guilty plea on his parole status. Gray also alleges his plea counsel should have required the court to "verbally order" a presentence investigation (PSI) report. Without suggesting counsel breached any duty,[1] we bypass the first prong of the ineffective-assistance test and address the lack of prejudice on this record.

---

[1] Gray acknowledged on the record that he faced a ten-year prison sentence and would have to serve a minimum of one-third of the time of confinement. The court also asked Gray if he understood his guilty plea could affect his parole status and "[t]hat parole can be revoked and you could be stuck with that sentence as well?" Gray responded: "Yeah, I understand." In addition, the court ordered a PSI to be completed after sentencing.

We conclude Gray failed to prove, or even assert, there is a reasonable probability that, but for his counsel's alleged errors, he would not have accepted the State's plea offer and would have insisted on standing trial. In *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002), our supreme court rejected the defendant's "conclusory claim" that she was "ready to insist on going to trial." Gray does not even offer such a conclusory claim. In fact, the district court record affirmatively establishes Gray would not have opted for a trial, even if he had received additional information concerning his mandatory minimum sentence and the guilty plea's impact on his parole status.

In a handwritten letter addressed to the district court dated July 24, Gray stated: "I am guilty. I have no intention on going to trial . . . . I am respectfully requesting to be allowed to accept a plea and be sentenced <u>as soon as possible</u>." Plea counsel informed the court Gray had been telling him for several weeks that "he wants to get this done with, confess his culpability, and just move on and get settled as quickly as possible."

Because Gray failed to show he suffered the kind of prejudice necessary to satisfy the *Lockhart* test, we reject his claim of ineffective assistance of counsel. We affirm his conviction and sentence for delivery of heroin.

**AFFIRMED.**