# IN THE COURT OF APPEALS OF IOWA

No. 16-0631
Filed November 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRAVIS NOLE TRUSTIN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Judge.

Travis Trustin contends he received ineffective assistance of counsel in his guilty plea proceeding. **AFFIRMED.**

Joseph R. Lapointe, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Potterfield, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, Presiding Judge.**

Travis Trustin pled guilty to introducing contraband into a jail in violation of Iowa Code section 719.7(3)(a) (2015). On appeal, Trustin contends the district court (1) failed to advise him of a drug abuse resistance education (DARE) surcharge or a thirty-five percent surcharge and (2) failed to advise him that he had the right to use compulsory process in securing the attendance of witnesses.

Trustin did not bring these issues to the district court's attention by filing a motion in arrest of judgment. This omission would normally preclude review. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). Trustin argues we may circumvent this rule in light of the district court's failure to advise him that a motion in arrest of judgment was a prerequisite to filing an appeal. Alternatively, Trustin raises the issues under an ineffective-assistance-of-counsel-rubric.

We conclude Trustin was properly advised of the consequences of failing to file a motion arrest of judgment. At the plea hearing, the district court told Trustin that if he did not file such a "motion in a timely manner, [he] will have waived any defects that might have occurred." In addition, a written record of "plea change" informed Trustin, "A [d]efendant's failure to challenge the adequacy of a guilty plea proceeding by Motion in Arrest of Judgment shall preclude his or her right to assert such challenge on appeal." Because Trustin received complete advice on the consequences of failing to file a motion in arrest of judgment, he cannot obtain direct review of the challenges he now raises and we will review those challenges as ineffective assistance of counsel claims. We find the record adequate to address these claims.

Trustin must establish the breach of an essential duty and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice in this context requires proof of "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002) (citation omitted). On our de novo review, we are persuaded Trustin cannot establish prejudice on either of his claims.

With respect to the first claim, the State notes and we agree that the DARE surcharge was inapplicable. *See* Iowa Code § 911.2(1) (requiring assessment for a "violation of an offense provided for in chapter 321J or chapter 124, division IV"). The thirty-five percent surcharge authorized by Iowa Code section 911.1(1) was a "mandatory 'additional penalty'" of which Trustin should have been informed. *Fisher*, 877 N.W.2d at 685-86. The district court did not mention this surcharge. But even if counsel breached an essential duty in failing to challenge this omission, Trustin does not claim he would have insisted on going to trial but for this omission. *See State v. Ware*, No. 16-0093, 2016 WL 4036237, at *2 (Iowa Ct. App. July 27, 2016). Indeed, Trustin informed the court he wished to plead guilty even after being told that "there might be" additional surcharges.

With respect to the second claim, the district court informed Trustin that he would be "giving up the right to present [his] own witnesses," but did not specifically mention the forfeiture of his right to compel witnesses' attendance. Even if counsel breached an essential duty in failing to challenge the court's omission of a reference to compulsory process, Trustin made no claim "there

were any witnesses whose testimony was denied . . . because []he did not know []he could force them to testify." *Myers*, 653 N.W.2d at 579.

We affirm Trustin's judgment and sentence.

**AFFIRMED**.