# IN THE COURT OF APPEALS OF IOWA

No. 17-0021
Filed September 13, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ROBERT L. WALLACE,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A defendant appeals from his conviction and sentence for possession of a controlled substance, second offense. **AFFIRMED.**

Merrill C. Swartz of Swartz Law Firm, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Robert Wallace appeals his conviction and sentence to one count of possession of a controlled substance, second offense, in violation of Iowa Code sections 124.206 and 124.401(5) (2016). Wallace asserts his trial counsel was ineffective for allowing him to plead guilty because there was an insufficient factual basis for his plea to a second offense of violating Iowa Code chapter 124.

Wallace's November 16, 2016, plea to possession of a controlled substance included the statement, "I admit that on or about June 11, 2016, in Marshall County, I did knowingly possess a Schedule II Controlled Substance: Methamphetamine." The plea also advised that the court may rely on the minutes of testimony as a further factual basis to support the plea.

To prevail on a claim of ineffective assistance of counsel, Wallace must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). The record on which a factual basis exists may include "statements by the defendant, minutes of testimony, facts related by the prosecutor, and any presentence investigation report." *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002).

Here, the minutes of testimony included the expected testimony of the Marshall County Clerk of Court, stating:

> This witness, if called, upon being duly sworn on oath, will testify that the records of their respective agency reflect that the Defendant, ROBERT LYNN WALLACE, was previously convicted of a violation of Iowa Code Chapter 124 as follows:
> • Conviction of Possession of a Controlled Substance in violation of Iowa Code Chapter 124 on September 22,

2014, in Marshall County Criminal No. SRCR084496 and was represented by counsel, Darrell Meyer.

Because a factual basis for the plea exists, Wallace has not proven trial counsel failed to perform an essential duty. *State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009) ("[C]ounsel has no duty to pursue a meritless issue."). Therefore, Wallace's trial counsel did not breach an essential duty, and there is no prejudice resulting. The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**