# IN THE COURT OF APPEALS OF IOWA

No. 19-0246
Filed March 18, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL T. FERGUSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Bethany Currie, Judge.

Michael Ferguson appeals the denial of his motion in arrest of judgment.

**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Michael Ferguson entered an *Alford* plea.[1]  *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a defendant to plead guilty to a crime without admitting participation in the underlying facts that constitute the crime).  He pled to four counts of lascivious acts with a child, class "C" felonies,[2] and one count of lascivious acts with a child, a class "D" felony.[3]  The trial court accepted the plea and found Ferguson guilty of all five charges.

A week later, Ferguson filed a pro se motion in arrest of judgment.  Through his motion, Ferguson asked to withdraw his plea on various grounds, most of which concerned alleged deficiencies of his attorney.[4]  Following a hearing, the district court denied the motion.

Then, through counsel, Ferguson filed another motion.  This time, Ferguson raised a claim of actual innocence.  Following an evidentiary hearing, the district court found Ferguson had not met his burden of proof.

Ultimately, the district court sentenced Ferguson to prison.  Ferguson now appeals.

---

[1] We recognize Iowa Code section 814.6 (2019) was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140 § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 228 (Iowa 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019.  *See id.*

[2] These crimes were violations of Iowa Code sections 709.8(1)(b), 709.8(1)(c), 692A.104, and 903B.1 (2018).

[3]  This crime was a violation of Iowa Code sections 709.8(1)(b), 692A.104, and 903B.1.

[4] The pro se motion also requested a new attorney.  But Ferguson withdrew that request at the hearing on the motion.

## I. Knowing and Voluntary Plea

Ferguson claims the district court should have allowed him to withdraw his plea because it was not knowing and voluntary. He contends that, following his guilty plea, his counsel gave him about 217 pages of reports that proved he was not guilty. He further contends that, if he had received the reports earlier, he would not have entered his plea. Rather, he claims, "he could have used that information at trial and the jury would not have found him not guilty."

"We review a denial of a motion in arrest of judgment for abuse of discretion and will reverse only if the ruling was based on reasons that are clearly unreasonable or untenable." *State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002). "The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). But, "[t]he record at a plea hearing presumptively reflects the facts. Where a defendant challenges the voluntariness of a plea, but had asserted the plea was voluntary at the plea hearing, the defendant must overcome that presumption." *State v. Bringus*, No. 15-0478, 2016 WL 903161, at *2 (Iowa Ct. App. Mar. 9, 2016) (citation omitted).

Ferguson has not overcome that presumption. *See id.* During the plea hearing, Ferguson made it clear he understood the charges against him, he understood the consequences of his plea, and he was "voluntarily" entering his plea. While he claims withdrawal of his plea was warranted because of additional evidence he obtained after pleading, we cannot agree. He has never revealed any of the alleged 217 pages of reports. And we see no other record evidence indicating the plea was involuntary or made without sufficient information. Instead,

the record clearly supports the district court's finding that the plea was voluntary and intelligent. We reject Ferguson's contrary claims.

## II. Actual Innocence

Ferguson also brings an actual-innocence claim. He contends (1) his ex-wife fabricated the allegations against him and, moreover, manipulated the alleged victims to assist with her scheme; and (2) one alleged child victim is known to lie and, indeed, that child's credibility was diminished when the child stated Ferguson abused another child, who denied abuse.

The district court held a hearing on Ferguson's claims. Both Ferguson and the State were allowed to present evidence. The district court ultimately found Ferguson "failed to meet his burden by clear and convincing evidence that no reasonable factfinder could convict him" of the crimes to which he had entered an *Alford* plea.

Our review is de novo. *State v. Gonzalez*, No. 18-0137, 2018 WL 6130305, at *2 (Iowa Ct. App. Nov. 21, 2018). To succeed on an actual-innocence claim, "the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the . . . court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018).

Like the district court, we conclude Ferguson failed to show that no reasonable fact finder could convict him. *See id.* Indeed, we doubt Ferguson has presented "newly discovered" evidence. *See Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991) (defining "newly discovered evidence"). Ferguson's allegations about

his ex-wife (that she is a liar and a manipulator) concern facts known to him before he pled. *See id.* And his claims of dishonesty by one alleged child victim is merely "impeaching" and, therefore, cannot support a claim of "newly discovered" evidence. *See id.* (noting a claim of newly discovered evidence requires evidence that is "not merely cumulative or impeaching"). So we affirm the district court's denial of Ferguson's actual-innocence claim.

**AFFIRMED.**