# IN THE COURT OF APPEALS OF IOWA

No. 19-0716
Filed May 13, 2020

**JAMES HOLS,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Mahaska County, Shawn Showers,

Judge.


     James Hols appeals the denial of his application for postconviction relief.

**AFFIRMED.**


     Ryan J. Mitchell of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa,

for appellant.

     Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.


     Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

In 2010, a jury found James Hols guilty of domestic abuse assault. Because it was Hols's third conviction for such an offense, the charge was enhanced to a class "D" felony. *See* Iowa Code § 708.2A(4) (2010). Also, since Hols had two prior felony convictions, Hols was subject to sentencing enhancements as a habitual offender. *Id.* §§ 902.8, 902.9(3). In addition to the domestic abuse assault charge, Hols was also charged with willful injury causing bodily injury, a class "D" felony. *Id.* § 708.4(2). The jury found Hols guilty of the lesser-included offense of assault causing bodily injury, a serious misdemeanor. *Id.* § 708.2(2). The sentencing court merged the charge of assault causing bodily injury with the sentence for domestic abuse assault and entered no separate sentence for the assault causing bodily injury charge.[1] Hols was sentenced to an indeterminate term of incarceration not to exceed fifteen years with a minimum sentence of three years. In a direct appeal raising issues unrelated to the issues in this case, Hols's conviction was affirmed. *State v. Hols*, No. 10-1841, 2013 WL 750307, at *3 (Iowa Ct. App. Feb. 27, 2013).

Hols initiated these postconviction-relief (PCR) proceedings claiming ineffective assistance of counsel. Following a trial on the merits, the district court denied Hols's application. Hols appeals.

---

[1] Although the charge of assault causing bodily injury includes an element that domestic abuse assault does not, specifically the element of bodily injury, the State did not seek review of the sentencing court's decision to merge the two offenses. Therefore, we do not address any issue pertaining to merger.

**I.      Standard of Review and Legal Standards.**

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (citation omitted).     However, because ineffective-assistance-of-counsel claims are based on the constitutional guarantees of the effective assistance of counsel found in the Sixth Amendment of the U.S. Constitution and article I, section 10 of the Iowa Constitution, such claims are reviewed de novo. *Id.*

To prevail on a claim of ineffective assistance of counsel, Hols must make two showings: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[Hols] has the burden of proof to establish by a preponderance of the evidence that counsel rendered ineffective assistance." *State v. Aldape*, 307 N.W.2d 32, 42 (Iowa 1981).

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (citation omitted).  "[Hols] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  "The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to

dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697. "Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." *Id.*

## II.    Discussion.

Hols claims his trial counsel was ineffective in the following ways:

(1)    failing to depose opposing witnesses;

(2)    eliciting testimony from the complaining witness that Hols is a sex offender and not requesting a curative instruction or a mistrial;

(3)    asking open-ended questions on cross-examination of the complaining witness that resulted in her repeating her allegations;

(4)    failing to properly challenge the sufficiency of the evidence in making a motion for judgment of acquittal on the willful injury charge;

(5)    failing to secure the attendance of and call defense witnesses; and

(6)    failing to call Hols as a witness.

### A.    Failing to Depose Witnesses.

Trial counsel deposed the complaining witness but did not depose the remaining two witnesses disclosed by the State, both of whom were law-enforcement officers. Hols did not meet his burden to establish either prong of this claim of ineffectiveness. Trial counsel had the reports prepared by both witnesses prior to trial. Trial counsel had prior experience with both witnesses and from that experience believed both witnesses would not stray from their written reports. This belief turned out to be accurate, as neither witness strayed significantly from the

details of the reports while testifying. Under these circumstances, trial counsel did not breach any duty by failing to depose the witnesses and there was no prejudice to Hols, as there is no reason to believe the outcome of the trial would have been any different if he had. In fact, other than an unsupported statement that he was prejudiced, Hols presents no argument or description of how he was prejudiced. *See State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) ("'[C]onclusory claims of prejudice' are not sufficient to satisfy the prejudice element." (quoting *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002)).

### B. Sex Offender Testimony.

While Hols's trial counsel was cross-examining the complaining witness, the following exchange took place:

> Q. Now you said your cousin and his wife . . . have guardianship of your child? A. Yes.
> Q. And why is that? A. Because I was with another guy that is a registered sex offender, as well as Mr. Hols is.

Hols asserts asking an open-ended question that allowed the witness to volunteer the sex offender information constituted ineffective assistance of counsel. He also asserts counsel was ineffective for failing to move to strike the answer, ask for a curative instruction, or ask for a mistrial. During the PCR trial, Hols's trial counsel expressed the opinion that he should have objected or asked for a curative instruction after the witness blurted out the reference to Hols being a sex offender. The district court found asking an open-ended question was not a breach of duty but counsel's failure to object or ask for a curative instruction was a breach of duty. However, the district court found a lack of showing of prejudice as a result of the breach of duty.

We agree the question itself did not breach any duty. We question the district court's conclusion there was a breach of duty by failing to object or ask for a curative instruction. Trial counsel was never asked if there was a strategic reason for failing to do so even though there are strategic considerations apparent from the context. Trial counsel may have wanted to avoid calling further attention to the stray comment, hoping the volunteered and nonresponsive comment—which could be perceived by jurors as spiteful—did not shed the complaining witness in a very favorable light. However, we do not need to decide whether Hols met his burden to show a breach of duty, as his claim fails on the prejudice prong. Even if trial counsel objected and received a curative instruction, it would not have changed the outcome in light of the evidence that Hols admitted to law enforcement officers to having dragged the complaining witness up the stairs by her belt or hair and the officers observed corroborating injuries on the victim.

### C.    Open-Ended Cross-Examination Questions.

Trial counsel's strategy of asking open-ended questions on cross-examination to get the complaining witness to repeat her story in the hope of finding inconsistencies was not a breach of counsel's duty and was not prejudicial. Hols did not meet his burden of showing this was an unreasonable trial strategy, and a reasonable trial strategy does not amount to ineffective assistance of counsel merely because it was unsuccessful. *See Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998) ("Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. The petitioner must overcome a strong presumption of counsel's

competence, and a postconviction applicant has the burden to prove by a preponderance of the evidence that counsel was ineffective." (citations omitted)).

In addition to there being no breach of duty, there was no prejudice. We echo the district court's comments on this issue:

> [T]he result would not have changed had trial counsel conducted brilliant cross[-]examination that would bring a tear to Professor Younger's eye.[2]  When a criminal defendant tells law enforcement that he drug another individual up the stairs, the assault conviction becomes a virtual certainty.

### D.    Challenge to Sufficiency of Evidence.

Hols asserts trial counsel was ineffective for failing to specifically challenge the sufficiency of the evidence supporting the "intent to cause serious injury" element of the willful injury charge while making a motion for judgment of acquittal.[3] This claim fails for two reasons.  First, there was no breach of duty because a specific motion raising that issue would have been denied given the evidence that Hols stabbed the complaining witness with a fountain pen.  Even though serious injury did not result, a reasonable juror could have concluded Hols had the intent to cause serious injury.  Second, there was no prejudice because the jury found Hols not guilty of willful injury, which is the only crime for which intent to cause serious injury was an element.  Since Hols got the same result on that charge as

---

[2] Hols's PCR counsel submitted as an exhibit an article from a periodical discussing Professor Irving Younger's Ten Commandments of Cross-Examination. The court admitted the article over the State's objection.

[3] Throughout Hols's brief, reference is made to a motion for directed verdict. We will assume counsel intended to reference a motion for judgment of acquittal pursuant to Iowa Rule of Criminal Procedure 2.19(8) rather than its civil counterpart, a motion for directed verdict.

he would have achieved had the motion been made and granted, there is, by definition, no prejudice.

### E.    Failing to Secure and Call Defense Witnesses.

Hols claims trial counsel was ineffective because he failed to present two defense witnesses and failed to seek a continuance once one of those witnesses was unable to be served with a subpoena. We need not address whether trial counsel breached his duty, as Hols failed to meet his burden to show prejudice. We note that neither of the two proposed defense witnesses testified at the PCR trial, so we are left with nothing more than speculation as to what they knew or the details to which they could have testified at the criminal trial. It is completely unclear what one of the potential defense witnesses knew, so failure to call that witness did not prejudice Hols. Hols claims the other witness was at the house where the assault occurred, heard the argument between Hols and the complaining witness, may have testified that she did not see any injuries on the complaining witness after the argument, and may have testified the complaining witness had the opportunity to report the assault immediately but chose not to. Even if Hols's speculation as to the second witness's testimony was accepted as accurate, it would not have changed the outcome. Her testimony would have corroborated the fact there was a dispute and would not have rebutted the fact Hols admitted to having dragged the complaining witness up the stairs during the argument. Even if that witness testified that she saw no injuries on the complaining witness after the altercation, it would not have changed the outcome for Hols, as injury was only an element of the assault causing bodily injury charge, which had

no adverse effect on Hols since it was merged into the domestic abuse assault conviction.

### F.    Failing to Call Hols as a Witness.

Hols also asserts trial counsel was ineffective for failing to call Hols as a witness. He further asserts trial counsel was ineffective for failing to file a motion in limine to limit impeachment of Hols with his criminal history in the event Hols did testify. Although these claims are of dubious merit on the breach prong, we need not decide whether they constituted a breach of trial counsel's duty, as Hols fails on the prejudice prong. Conspicuously absent from Hols's testimony at the PCR trial was any information as to what Hols would have testified to or how his testimony would have helped his case. Given Hols admitted to law enforcement he dragged the complaining witness up the stairs coupled with him providing no information as to how his testimony would have challenged the State's evidence, Hols failed to meet his burden to establish the outcome would have been different if Hols testified.

### III.    Conclusion.

Finding no merit to any of Hols's claims of ineffective assistance of counsel, we affirm the district court's dismissal of his PCR application.

**AFFIRMED.**