# IN THE COURT OF APPEALS OF IOWA

No. 24-0679
Filed March 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROCHELLE JEAN OGDEN SZIBER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Tabitha Turner, Judge.


        The defendant appeals the denial of her motion in arrest of judgment.

**APPEAL DISMISSED.**


        Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Greer, P.J., and Langholz and Sandy, JJ. Buller, J., takes no part.

**GREER, Presiding Judge.**

Rochelle Ogden Sziber argues the district court abused its discretion when the court denied her motion in arrest of judgment and request to withdraw her guilty plea. On February 5, 2024, Sziber signed and filed a waiver of rights and written guilty plea for two charges—harassment in the first degree, an aggravated misdemeanor, and domestic abuse assault in the first degree, a simple misdemeanor. In her written guilty plea, Sziber checked the box asking the court to sentence her immediately, which also stated, "In doing so, I understand that I am waiving my right to challenge this guilty plea and waive my right to a fifteen-day delay between the time the court accepts my guilty plea and the time the court conducts sentencing." Yet, nearly a month after filing her guilty plea, Sziber moved in arrest of judgment, asking the court's permission to withdraw her plea and claiming "undersigned counsel provided her with inaccurate information when making her decision to plead guilty, which she relied upon and resulted in a material defect in her guilty plea." Sziber also asserted her innocence.

At a subsequent hearing on the motion, the district court denied her motion in arrest of judgment before proceeding directly to sentencing. The district court imposed a suspended prison sentence and one year of probation; the term of probation differed from the two-year term enumerated in the plea agreement. Sziber filed an application for discretionary review, which the Iowa Supreme Court denied on May 13. She appeals. Because we do not have jurisdiction, we dismiss this appeal.

**Standard of Review.**

We review the denial of a motion in arrest of judgment for an abuse of discretion. *State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002). Reversal is appropriate "only if the ruling was based on reasons that are clearly unreasonable or untenable." *Id.*

**Right of Appeal.**

Our first step is to consider if we have jurisdiction over this appeal. As the State argues, Sziber's challenges relate to her plea, not her sentence. And in 2019, our legislature amended Iowa Code section 814.6(1) to disallow appeals from final judgments when a defendant pled guilty to a crime other than a class "A" felony unless "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3) (2024). Thus, it is Sziber's burden to establish good cause for the appeal to go forward. *See State v. Tucker*, 959 N.W.2d 140, 151 (Iowa 2021) ("Under section 814.6(1)(a)(3) . . . the defendant bears the burden of establishing good cause for the appeal to go forward."); *see also State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." (citation omitted)). Failing to identify a sentencing challenge, Sziber asserts that she has good cause to appeal because her plea was not voluntary, knowing, or intelligent. But our supreme court has already rejected the request to "expand the concept of good cause [to] hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." *Tucker*, 959 N.W.2d at 153. So this argument fails.

In another attempt to overcome the good-cause hurdle in front of her, Sziber relies on *State v. Wilbourn* and its progeny and argues that line of case law establishes we have jurisdiction for this appeal. 974 N.W.2d 58, 66 (Iowa 2022). In *Wilbourn*, the supreme court concluded the defendant "met the good-cause requirement to proceed with his direct appeal challenging his sentence." *Id.* And once the defendant had established good cause, the court

> declin[ed] to parse or bifurcate the specific sentencing errors alleged when determining good cause. An appellate court either has jurisdiction over a criminal appeal or it does not. Once a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal. . . . We generally do not do partial dismissals of criminal appeals—such a procedure would be unwieldy and burdensome—and we do not believe the legislature directed us to follow such an approach in Iowa Code section 814.6.

*Id.* (internal citations omitted). Sziber contends that because the district court gave her a more favorable sentence, she can piggyback that variance to meet the good cause requirement.[1] "Good cause" in section 814.6 means a "legally sufficient reason" and by definition that means "a reason that would allow a court to provide some relief." *Treptow*, 960 N.W.2d at 109. We are aware of no authority establishing that a more favorable sentence is a defect in the sentencing procedure requiring some relief, and Sziber provided none. And, as noted above, Sziber does not actually challenge her sentence on appeal. She focuses on the plea made, so she cannot "cross[] the good cause threshold" as it relates to her more favorable sentence. *Wilbourn*, 974 N.W.2d at 66. Thus, as section 814.6(1)(a)(3) mandates, Sziber is not allowed an appeal as a matter of right from her guilty plea that

[1] The written guilty plea terms recommended a two-year suspended sentence with two years' probation, along with other requirements. It also set out specific factual findings under each count.

involved crimes other than class "A" felonies. *See State v. Loye*, 670 N.W.2d 141, 147 (Iowa 2003) ("[T]he right to appeal is purely statutory . . . .").

**Discretionary Review.**

We note that Sziber makes an undeveloped request for discretionary review. Iowa Code section 814.6(2)(f) also allows defendants to seek discretionary review from the denial of a motion in arrest of judgment on grounds other than ineffective assistance of counsel. *See State v. Scott*, No. 20-1453, 2022 WL 610570, at *4 (Iowa Ct App. Mar. 2, 2022) (allowing discretionary review of the plea proceeding where defendant alleged his incompetency made his plea involuntary). Sziber requests that we grant discretionary review of her motion-in-arrest-of-judgment challenge.

Iowa R. App. P. 6.106(2) provides that the supreme court may grant discretionary review upon a determination that "(1) substantial justice has not been accorded the applicant, (2) the grounds set forth in rule 6.104(1)(d) for an interlocutory appeal exist, or (3) the grounds prescribed in any statute allowing discretionary review exist." Here, Sziber applied to our supreme court for discretionary review of the denial of her motion in arrest of judgment; that request was denied.

At the hearing on the motion in arrest of judgment, the district court stated that it could not find a defect in the plea proceeding and pointed to the detailed written plea agreement that Sziber had signed. *See Myers*, 653 N.W.2d at 581 ("We . . . will reverse only if the ruling [denying the motion in arrest of judgment] was based on reasons that are clearly unreasonable or untenable."). On top of that, in her written plea agreement, Sziber waived the right to challenge her plea

agreement through a motion in arrest of judgment. In *State v. Damme,* language in the plea agreement that was like that found here constituted substantial compliance with the requirements of Iowa Rules of Criminal Procedure 2.24(3)(a) and 2.8(2)(d)). 944 N.W.2d 98, 107–08 (Iowa 2020). As the *Damme* court noted:

> The provisions [in the written plea] plainly state that she must file a motion in arrest of judgment to attack the validity of her guilty plea proceeding and listed the proper filing deadlines. As such, the written guilty plea "conveyed the pertinent information and substantially complied with the requirements of rule 2.8(2)(*d*)." The written guilty plea made Damme aware of her right to file a motion in arrest of judgment, and she waived that right.

*Id.* at 108 (internal citation omitted). Sziber did not develop a justification for discretionary review, and we will not take on that task for her. *See, e.g.*, *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996). We are not inclined to grant discretionary review here.

Thus, we lack jurisdiction to reach the merits of Sziber's challenge to the denial of her motion in arrest of judgment.

**APPEAL DISMISSED.**