# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0625
Filed April 1, 2026

———————————

**Justin Wayne Sparks,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Dallas County,
The Honorable David Faith, Judge.

———————————

**AFFIRMED**

———————————

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Greer, P.J.

1

**GREER, Presiding Judge.**

Justin Sparks appeals the denial of his application for postconviction relief (PCR). Sparks alleges his counsel provided ineffective assistance of counsel after his stipulation to probation violations extended the expiration of his probation without his consent or acceptance. On our review, we find no prejudice and affirm.

## I. Background Facts and Proceedings.

On October 8, 2021, Sparks was sentenced in two separate criminal cases. In each case, the district court sentenced Sparks to a five-year suspended prison sentence and two years of probation. The sentences were ordered to run consecutively. Sparks did not appeal.

On June 30, 2023, the Iowa Department of Correctional Services filed a probation-violation report. A probation-violation hearing was scheduled for July 21. Sparks failed to appear at the hearing, and the court issued a warrant for his arrest, which led to Spark's arrest on September 22. An addendum to the probation-violation report was filed on October 2, recommending that Sparks "be ordered to the Fort Des Moines Residential Facility for maximum benefits and his probation be extended."

A probation-violation hearing was set for October 6. That day, two days before Sparks's two-year probation term was originally set to expire, Sparks stipulated to the probation violations. The stipulation did not address the status of Sparks's probation. His stipulation stated:

> The Defendant STIPULATES to have violated the terms of his probation by the report of violations in the reports on June 29, 2023 and September 29, 2023. The joint recommendation for disposition is the Defendant shall be committed to the Fort Des Moines Residential Program

until maximum benefits are met. The Defendant shall remain in the Dallas County Jail until a bed in said program becomes available.

The same day, the court entered an order incorporating the stipulation's terms, but the order was silent on the status of Sparks's probation. Sparks did not challenge this order.

On November 20, the court entered a nunc pro tunc order regarding its October 6 order. The nunc pro tunc order stated, "the Court hereby orders due to scrivener's error that the [order of probation revocation] entered October 6, 2023, is in error and should properly contain the following provisions: The Defendant's probation is extended for a period of one year from this date." Sparks did not challenge this order.

On July 15, 2025, Sparks filed his PCR application claiming ineffective assistance of counsel based on his attorney's alleged failure to advise him that his probation term would be extended if he stipulated to the violations. Sparks testified at the PCR trial that he would not have signed the stipulation had he known his probation would be extended.

After trial, the district court denied Sparks's PCR application. In doing so, the court relied on the testimony from Sparks's probation-violation counsel. His counsel could not specifically recall whether he advised Sparks about the extension of probation, but the court found it more likely than not that he would have done so given counsel's testimony about his typical process working with clients. Additionally, the court found that Sparks failed to prove prejudice. Sparks appeals.

## II. Standard of Review.

We usually review appeals of PCR applications for correction of errors at law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). But when the review

3

implicates a constitutional issue, such as ineffective assistance of counsel, our review is de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). Even with a de novo review, "we give weight to the lower court's findings concerning witness credibility." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

### III. Analysis.

Sparks claims his probation-violation counsel was ineffective when he failed to advise Sparks that his term of probation would be extended if he stipulated to the violations. Sparks alleges he was prejudiced by this failure because, had he known his probation would be extended, he would not have agreed to the stipulation. In Sparks's view, he would have either insisted his counsel try to negotiate a different stipulation or he would have left his punishment up to the judge.

"To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "To establish the first prong, the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* "Once the applicant proves ineffective assistance, it must also be shown that the error caused prejudice." *Id.* at 143. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* at 142.

This case can be decided on the prejudice prong. To show prejudice, "the applicant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 143 (cleaned up). "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* (citation omitted).

Regarding prejudice, the district court concluded,

The court does not find credible the applicant's claim that he would have risked immediate imprisonment rather than go to Fort Des Moines with an extension. The applicant did not strike the court as a fool and the court simply does not believe he would have rejected an objectively good deal just because it extended his probation.

We agree with the district court. Assuming without deciding that Sparks was not informed his probation would be extended, Sparks has failed to show a reasonable probability that the result would have been different had he been informed. There is insufficient evidence in the record to support Sparks's argument that he either would have pushed for a different stipulation or that he would have left his fate to the judge.

First, the record establishes that Sparks knew his probation would be extended, at least for some period, if he agreed to the stipulation. At the PCR trial, Sparks acknowledged that, with the stipulation, his probation would continue at least until he completed the program at Fort Des Moines. Sparks had to wait approximately seventy-six days to get a spot in the program and then participated in the program for another forty-one to forty-three days. Sparks did not complete the program until approximately four months after his original probation term was set to expire. The fact that Sparks was aware his probation would continue because of the stipulation weighs against his claim of prejudice.

Nor is there any evidence to support an argument that Sparks could have gotten a more favorable stipulation. His counsel thought the stipulation was "a pretty good outcome" for Sparks considering "the period of

absconsion, the general types of rule violations, his criminal history, and what the potential downside was" because, with the stipulation, "he wouldn't be subject to revocation or any extended contempt time." Sparks presented no evidence that a different, more favorable stipulation was an option available to him.

Further, Sparks's argument that he would have let the judge decide his punishment instead of agreeing to the stipulation rings hollow. *Cf. Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015) ("In establishing a reasonable probability a claimant would have accepted the earlier plea offer had he or she received effective assistance of counsel, a claimant must proffer more than his or her own subjective, self-serving testimony."); *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002) (explaining that the defendant's "conclusory claim of prejudice, that she 'was ready to insist on going to trial,' is not a sufficient assertion of prejudice"). As his probation-violation counsel testified, had Sparks not entered the stipulation, "he would still have been . . . potentially looking at having the original sentence imposed or significant contempt time or the Court extending his probation. A number of different options that were more onerous." Tellingly, at the PCR trial, Sparks was asked, "If you were faced with the choice of either completing the Fort [Des Moines program] and extending your probation for a year or having your probation revoked and being sent to prison on the original charge, which of those options would you have chosen?" Sparks responded, "Well, . . . I would have chosen the Fort."

Sparks has failed to show a reasonable probability that, but for his counsel's alleged failure to inform him of the probation extension, the result of the proceeding would have been different. Because he has failed to show

6

prejudice, Sparks's ineffective-assistance claim fails and the district court properly denied his PCR application.

**AFFIRMED.**